S. W. LATHAM, Ex'r, *et al. v.* HENRY P. WHITEHURST.

The 9th section of the Act of 1868–'69, chap. 76, which enacted that "no property shall be sold under any deed of trust or mortgage, until the debts secured in said deed are reduced to judgments according to the provisions of this act," was unconstitutional, because it not only attempted to impair the obligation of a contract, but to alter it by adding a condition. (The above section was repealed by the Act of 1869–'70, chap. 28.)

In an action to foreclose a mortgage, the Judge may, if necessary, refer the matter to the clerk to settle the details and report the balance due, but if nothing is to be done except to calculate interest, the Judge may do it himself, or direct the clerk to do it *instanter*, and give judgment accordingly.

The case of *Jacobs* v. *Smallwood*, 63 N. C. Rep. 112, cited and approved.

This was a CIVIL ACTION commenced the 4th of October, 1869, to foreclose a mortgage given by the defendant, bearing date in the year 1854, to secure the payment of notes of the defendant, due at the date of the mortgage, tried before *Watts, J.*, at the January (Special) Term, 1873, of CRAVEN Superior Court. The defendant demurred to the complaint, and assigned as cause of demurrer that it did not appear upon the face of the complaint that at the time of the commencement of the action the debt secured by the mortgage had been reduced to judgment. There was a joinder in the demurrer. His Honor overruled it, and was about to render judgment, when the defendant's counsel moved that a

reference be made to the clerk to ascertain and report what was due on the mortgage; but it appearing to the satisfaction of the Court, without the aid of a reference, what was the amount due on the mortgage debt from the note, the interest on which could be computed, the reference was refused, and the Court gave judgment that the mortgaged premises be sold, &c., from which judgment the defendant appealed.

No counsel for the defendant in this Court.

*Hubbard,* for the plaintiff, cited *Jacobs* v. *Smallwood,* 63 N. C. R. 112, to show that the 9th section of the 76th chapter, of the Acts of 1868–'69, on which the demurrer was based, was unconstitutional.

PEARSON, C. J. The demurrer rests upon the Acts of 1868–'69, chap. 76, sec. 9, " No property shall be sold under any deed of trust or mortgage until the debts secured in said deed are reduced to judgments according to the provisions of this Act."

This section is in violation of the Constitution of the United States; it not only attempts to impair the obligation of a contract, but to alter the contract, by adding a condition. This is too plain for discussion. The purpose of adding this condition, was to bring all debts within the operation of the " stay laws." In reference to laws of that kind see *Jacobs* v. *Smallwood,* 63 N. C. Rep. 112.

The other objection is likewise untenable; the Judge may if so needed, refer the matter to the clerk to settle the details, and report the balance. This is the usual course, and ought to be followed when there is any complication, so that the subjects of controversy may be distinctly presented on exceptions to the report.

But where there is nothing to be done except to calculate interest, we see no reason why the Judge may not make the

calculation himself, or direct the clerk to. do it *instanter*, as when judgment is rendered "according to specialty filed" in an action of debt.

The defendant certainly has no right to the former course, for the voluntary service of the Judge saves him from the cost of a reference to the clerk.

No error.

PER CURIAM.                                     Judgment affirmed.