JOSEPH BERDANATTI and others *vs.* P. J. SEXTON and others.

At Gallatin, January, 1877.

BILL TO RETRY A CAUSE WILL NOT LIE.—If a party has once had his day in a court of equity, either by personal service of process or what the law prescribes as equivalent, an original bill by him in the same court will not lie to retry the cause, however erroneous or inequitable the decree may be.

JOINT BILL BY TWO PARTIES NOT SUSTAINABLE AS TO ONE.—A joint bill by two parties to set aside a decree for fraud, the fraud consisting of want of notice, cannot be sustained if either did in fact have notice, or waived the want of notice by appearance.

BILL OF REVIEW FOR NEW EVIDENCE.—A bill of review for newly-discovered evidence is clearly bad which is not sworn to by either of the complainants, which does not contain the necessary allegations of diligence and want of knowledge, nor particularize a single fact as newly discovered which could have affected the decree.

BILL OF REVIEW FOR ERROR APPARENT.—If the court has declared the law correctly upon the pleadings and decree, and in conformity with the forms and practice of the court, a bill of review for error apparent will not lie, however erroneous the decision may be upon the evidence, or upon evidence that might have been adduced, and although there may be irregularities in the course of the proceedings; nor can any errors be relied on which are not specifically pointed out.

JOINDER OF BILL FOR FRAUD AND BILL OF REVIEW—QUÆRE.—Whether an original bill for fraud and a bill of review can be joined together.

*J. J. Turner*, for complainants.

*C. R. Head*, for defendants.

THE CHANCELLOR:—On the 29th of August, 1871, the defendant P. J. Sexton filed his original bill in this court against Alberti Inchiesa di Camerana, Joseph Berdanatti and Eugenie his wife, and Consul R. Bass. This bill alleged, in substance, that in April, 1871, Ella, the wife of the defendant Alberti, died in Sumner county, Tennessee, possessed of 360 acres of land in said county. That she and her husband had previously, on the 11th of November, 1870, entered into a written contract with complainant for the erection of a house on said land, and that complainant had partially erected the building, having ceased the work because of the failure of defendant to make payments as agreed on. That said Ella left a will which had never been probated, by which she devised certain portions of this land to the defendant her husband, other portions to her mother, the defendant Eugenie, wife of Joseph Berdanatti, and some to her brother, the defendant Consul R. Bass, who are made defendants for this reason. The object of the bill was to enforce the mechanic's lien on the land, given by law for the work done and materials furnished, by attachment and sale.

On the 16th of June, 1874, the complainant, by leave of the court, filed an amended and supplemental bill against the same parties as non-residents of the state, in which, after reciting the substance of the previous bill, it is stated, by way of amendment, that the will of Ella di Camerana had been admitted to probate, and showed that part of the land was devised to her husband, part to her mother, and part to her brother, as stated. That the husband, after the filing of the original bill, gave complainant a mortgage on his part of the land, to secure the debt due complainant, fixed at $3,500, with power to foreclose by sale if the debt was not paid in twelve months. That complainant's bill was, however, not to be dismissed, but to remain in court, and if for any cause complainant failed to realize his debt, the suit was to be prosecuted, and his mechanic's lien enforced. That, upon advertising the land for sale under the mort-

gage, at the expiration of the twelve months, the defend-
ants Eugenie and Consul R. forbade the sale, and no one
would bid. " And complainant is forced to prosecute his
said suit, and to enforce his mechanic's lien, and also to ask
that the cloud be removed from the title of defendant
Alberta's land, so as to enable him to make sale of the
property." The bill further states that complainant is
informed the defendants Eugenie and Consul R. insist that
the defendant Alberti takes no interest in the land under
his wife's will, because he was an alien and incapable of
taking. So complainant is forced to seek redress in this
court by prosecuting his original bill, and filing this bill to
present the rights and equities of all parties. Complainant
is advised that he has the right to enforce his lien on the
entire tract, and also, if the defendant Alberti is entitled to
take under the devise to him, to have the cloud removed
from his title, and the lien created by the mortgage deed
enforced. This bill states that a large amount of material
for the building is on storage in Nashville with W. H.
Northern. The prayer of this bill is the prayer of the orig-
inal bill, and further, " if the deed referred to carries the
interest of the defendant Alberti, that the same be sold."

On the 25th of June, 1875, the defendants Berdanatti
and wife and Consul R. Bass appear by counsel and demur
to these bills, but nothing seems to have been done with the
demurrer.

On the 10th of January, 1876, a final decree was ren-
dered, reciting the facts as set out in the original and
amended bills, declaring the complainant entitled to a
mechanic's lien on the entire land for the debt as found by
the master, and ordering the master, if the debt be not paid
in a given time, to sell, first, that portion of the land devised
to the defendant Alberti by his wife, and, if it failed to
satisfy the debt, then the residue of the land. To the
clerk's report of the sale of the land under this decree the
defendants Eugenie Berdanatti and Consul R. Bass filed

exceptions, on the 15th of June, 1876. The exceptions were overruled and the sale confirmed.

Afterwards the defendant Consul R. Bass made an application as a non-resident, under the statute, to be allowed to file an answer, which was granted upon his paying the costs. The answer seems to have been filed accordingly.

On the 13th of November, 1876, Joseph Berdanatti, and Eugenie his wife, and Consul R. Bass filed the bill, now before us on demurrer, against Sexton and Alberti di Camerana. It sets out the proceedings in the foregoing cause, partly by a general reference to them to be taken as parts of the bill, and partly by reciting the facts. It also undertakes to state other facts which do not appear in that cause, and which tend to show that the defendant Sexton was not rightfully entitled to the amount of debt reported by the clerk; that the title to the land sought to be reached was not in Ella di Camerana, and that she had only a remainder interest in a part thereof; that Alberti, the husband, took nothing under his wife's will, because he was an alien, etc. The bill, in other words, is filed in a triple aspect:

1st. As an original bill to correct errors of law, according to its own averment, "not apparent," and to go behind the proceedings of the previous cause and have a trial *de novo*.

2d. As a bill of review for evidence alleged to have been newly discovered.

3d. As a bill of review for error of law apparent.

It needs scarcely be said, and certainly no one knows better than the distinguished draftsman of this bill, who was of counsel in one of our great leading cases on the subject ( *Winchester* v. *Winchester*, 1 Head, 460), that a decree of this court cannot be set aside, "altered, crossed, or explained," after the adjournment of the term of court at which it was rendered, except by bill of review or an original bill for fraud. *Frazer* v. *Sypert*, 5 Sneed, 103. Any other original bill for such purpose is unknown to the forms

of the court. The reason is, that if, after a decree, a bill would lie to retry the cause simply because error had supervened, the facts misapprehended, or the party had neglected his case, there would be no end to litigation. If the party has once had his day in a court of equity, either by personal service of process or by what the law prescribes as equivalent thereto, an original bill in the same court will not lie to retry the cause, however erroneous or inequitable the decree may, in reality, be. *Stewart* v. *Mizell*, 8 Ired. Eq. 242; *Knight* v. *Atkisson*, 2 Tenn Ch. 384. The remedy is by appeal, or, if allowed as in cases like the present, by coming in within the time prescribed by statute and making defence. Of course the learned counsel of the complainants was fully aware of the law, and he has sought to sustain the bill as an original bill by insisting that his clients were not made defendants, either by service of process or by publication. If the fact were as claimed, the proceedings would be simply void, and might be treated accordingly. No bill to retry the matter is necessary. His clients have nothing to do but to stand upon their legal title to the land. *Webster* v. *Reid*, 11 How. 437. True, an original bill might lie in such case, not for a new trial, but to vacate the decree as a cloud upon the complainant's title, and such a bill might be advisable, although not absolutely necessary, where the record showed an appearance by counsel not authorized. *Thompson* v. *Whitman*, 18 Wall. 457; *Knowles* v. *Gas Light Co.*, 19 Wall. 58; *Wheatley* v. *Bastow*, 7 De G. M. & G. 261. A bill on that ground should state positively and unequivocally the want of authority, and explain satisfactorily how it happened that appearance came to be put in. This bill is materially defective in this regard. Nay, more, it shows affirmatively that, while the first appearance by the demurrer is vaguely impugned, the later appearance by exception to the master's report was authorized. It further shows that Consul R. Bass, one of the complainants, also appeared in the former cause by the same counsel, and was actually allowed, upon his application, to make defence by

answer under the statute, the effect of which is to give him the right of trial *de novo*, the very object of this bill, rendering it unnecessary and demurrable. *Rogers v. Holt*, Phill. (N. C.) Eq. 108. Of course an appearance by counsel at any stage of the cause deprives a person of all right to complain upon the ground that he never was a party. And a joint bill by two parties to set aside a decree for fraud, the fraud consisting of want of notice, cannot be sustained if either did in fact have notice, or waived the notice by appearance. *King of Spain v. Machado*, 4 Russ. 225; *Glyn v. Soares*, 3 Myl. & K. 472. This bill cannot, therefore, be sustained as an original bill.

Besides, the object and effect of a bill for fraud, even if the fraud consist in the want of notice, are to vacate the former decree *in toto*, not to retry the cause; whereas the object and effect of a bill of review are to reverse the decree so far as it is erroneous, and to retry the cause upon the original record, or the original and new proof, according as the bill is for error apparent or newly-discovered evidence. *Moore v. Moore*, 2 Ves. 596; *Catterall v. Purchase*, 1 Atk. 290; *Cook v. Bamfield*, 3 Swans. 607. The joinder of two bills having such different objects and effects is not in consonance with the practice of the court, and would lead to grave confusion. *Perry v. Pheilps*, 17 Ves. 183. One test of multifariousness, in its aspect of misjoinder of actions between the same parties (*Campbell v. Mackay*, 1 Myl. & Cr. 618) is that the same defence cannot be made to the several parts of the bill. *Attorney General v. St. John's College*, 7 Sim. 254. And another test is that the relief under each branch will be different. *Rives, Battle & Co. v. Walthall*, 38 Ala. 332.

The demurrer to this bill, so far as it is filed as an original bill, must be sustained, with costs.

A bill of review for newly-discovered evidence cannot be filed without leave of the court, and, in order to obtain such leave, the party applying must show, either in the bill itself or by an accompanying petition, that the newly-

discovered evidence relied on has come to his knowledge since the rendition of the decree sought to be impeached, and could not have been discovered pending the litigation by reasonable diligence. The material point is, not what the applicant knew, but what, using reasonable diligence, he might have known. *Young* v. *Keighly*, 16 Ves. 353. The particular evidence must also be clearly and specifically pointed out, so as to enable the court to see that, if it had been produced at the hearing, the decree would have been different. *Burson* v. *Dosser*, 1 Heisk. 761. The statements thus required to be presented under oath cannot be made by proxy. Only the applicant himself can state whether he was ignorant of the particular facts previous to the decree, and that he used the necessary diligence to bring his application within the law. The present bill is not sworn to by either one of the complainants, nor is it accompanied by a petition sworn to by either of them. It does not contain the necessary allegations of diligence and want of knowledge, nor particularize a single fact as newly-discovered which could in the least have affected the decree. The bill is defective in every requisite to sustain it as a bill of review for new facts, and leave to file it cannot be granted. See *Thomas* v. *Rawlings*, 34 Beav. 50.

Errors apparent, for which a bill of review will lie, are not errors in the regularity of the proceedings, nor erroneous deductions from the evidence, but errors of law patent on the face of the decree, in England, and on the pleadings and decree in this country. That is to say, taking the facts to be as shown by the pleadings and decree, the court must appear to have erred in its declaration of the law applicable thereto, or to have decreed contrary to the forms and practice of the court in such cases. *Trulock* v. *Robey*, 2 Phil. 395; *Green* v. *Jenkins*, 1 De G. F. & J.; *Dexter* v. *Arnold*, 5 Mas. 303; *Eaton* v. *Dickinson*, 3 Sneed, 401; *Randall* v. *Payne*, 1 Tenn. Ch. 147. If the court has declared the law correctly upon the pleadings and decree, and in conformity with the forms and practice of the court, a bill of

45

.review for error apparent will not lie, however erroneous .the decision may be, in reality, upon the evidence, or upon evidence which might have been adduced. So of mere .irregularities in the course of the proceedings. *Haig* v. *Homan*, 8 Cl. & Fin. 321, 373; *Tommey* v. *White*, 1 H. L. .Cas. 164. Moreover, the errors relied on must be specifically pointed out, and no other errors can be noticed. *Moore* v. *Moore*, 2 Ves. 598; *Green* v. *Jenkins*, 1 De G. F. & J. 470, 474; *La Grange & Memphis R. R. Co.* v. *Rainey*, 7 Coldw. 447.

The complainants do, in this case, undertake to point out specific errors.

, 1st. The first is that a decree *pro confesso* was taken ·against complainants when no process had been served on them, and no publication made in lieu of service. Conceding the fact to be as claimed, it does not appear in the pleadings and decree, and the remedy is not by bill of .review for error apparent.

, 2d. The second is that no personal representative of Ella .di Camerana was before the court. But the original complainant had no right of action against Ella personally, or against .her representative. As a married woman she could not, under the circumstances, bind herself personally. The .right of the complainant, if he had any, consisted in the .lien claimed by him as a mechanic on the land, by reason .of her assent to the erection of the building. *Hughes* v. .*Peters*, 1 Coldw. 67. To enforce such a lien it was only .necessary to have the persons holding the land under her before the court. *Harris* v. *Vaughn*, 2 Tenn. Ch. 483, and cases cited.

. 3d. The third is that no *pro confesso* could be taken .against the complainants until certain exhibits to the bills were filed, and they were not then filed. The fact relied on does not appear in the pleadings, or final decree sought to be reviewed, and the inference stated seems to be, more-.over, a *non sequitur* from the premise. A *pro confesso* .order might be good although the exhibits were not filed,

the effect of the *pro confesso* being limited to the allegations of the bill and the exhibits actually filed.

4th. The fourth is that the decree fixing the amount of the complainant's debt was based upon the mortgage, and the amended bill states that a large amount of material was on storage in Nashville, which has not been accounted for. The evidence on which the court bases its conclusions of fact, all the authorities agree, cannot be looked to in ascertaining whether there is error apparent, and the *pro confesso* order would probably have entitled complainant to recover a larger sum than the amount as fixed by the mortgage. The material on storage at Nashville is conceded by the bill to be the property of the defendant Alberti, and is not sought to be subjected to the complainant's debt.

5th. The fifth is that the decree is not based upon the pleadings, that there is no proof and no exhibits filed, and that the decree is unsupported and unauthorized. The first and last of these averments are too general, leaving the court to find out the error, if any, instead of specifically pointing it out, as required by law. The statement in reference to the exhibits and proof is error " not apparent," and not " error apparent."

6th. The failure of the bill to show the amount of Sexton's claim, and the absence of an order for an account, or of proof of the claim, are not errors apparent, for the evidence, on which the Chancellor undertakes to base his conclusions of fact, cannot be looked to, and the court may, in its ordinary course, give a decree without ordering an account. *Latham* v. *Whitehurst*, 69 N. C. 33 ; *Satterwhite* v. *Davenport*, 10 Rich. Eq. 305. If, indeed, items of credit claimed by the pleadings were not taken into consideration in rendering the decree, that would be error. *Tiel* v. *Roberts*, 4 Hayw. 86. The reason is, not that there was no reference, but that the decree should dispose of the questions raised between the parties by the pleadings. *Moseby* v. *Partee*, 5 Heisk. 38 ; *Moore* v. *Huntington*, 17 Wall. 417 ; *Randall* v. *Payne*, 1 Tenn. Ch. 148. It is not assigned as error in

this case, whatever may be the fact, that the decree does fail in any particular respect to dispose of questions raised by the pleadings.

The result is that the errors relied on are not errors apparent, within the rules of this court regulating bills of review. The demurrer must, therefore, be sustained, and the bill dismissed.