ALBANY,
Dec. 1834.

Hone
v.
Henriquez.

HONE, *appellant*, and HENRIQUEZ, *respondent*.

Where a *voluntary assignment* was executed, and a portion of the assigned
property was placed by the *assignee* in the hands of an *auctioneer* to be
sold, who sold the same and received the proceeds thereof, and the assign-
ment was subsequently *decreed* to be void, and a *receiver* appointed to take
charge of the assigned property; *it was held*, that the auctioneer had no
*lien* upon the proceeds of the goods, but was bound to pay over the same
to the receiver for the benefit of the creditors of the assignor, who had
filed *creditor's bills*, although the auctioneer was a creditor of the assignor,
and the money came to his hands *previous* to the filing of the bills by the
creditors to whose use the money was directed to be paid—the auction-
eer having become a *party* to the assignment, by signifying his assent
to the same by a formal acceptance.

APPEAL from chancery. Henriquez filed a bill in chance-
ry against Hone, in which the following facts were set forth:
On the *eighth* day of *May*, 1832, John Moffat made a volun-
tary assignment of his property to *E. Hall* and *C. Swan*, in
trust for the payment of such of his creditors as would, on re-
ceiving a rateable proportion of the proceeds of his property,
execute to him a full release and discharge of their respective
debts—annexing a *condition* that unless *all his creditors* accept-
ed the assignment within 60 days, he should have the right
to prefer such creditors as he thought proper. On the *twelfth*
day of *May*, 1832, A. Lentilhon and A. Voisin obtained a judg-
ment in the superior court of the city of New York against
*Moffat* for $843,$\frac{52}{100}$, and on the *sixteenth* of the same month
another judgment was obtained against *Moffat*, in favor of J.
L. Joseph and others, for $612,16, on which judgments execu-
tions were issued and returned *nulla bona*, except as to the sum
of $23,$\frac{74}{100}$. On the *4th June*, 1832, the above named judgment
creditors filed a *creditors' bill* in chancery to obtain satisfaction
of their judgments, alleging the assignment to Hull & Swan
to be fraudulent and praying the same to be set aside; to
which bill Moffat and his assignees put in answers. On the
*28th January*, 1833, the vice-chancellor of the first circuit *de-
creed* the assignment to be void, made order for the appoint-
ment of a *receiver*, and directed Moffat and his assignees to
deliver over the assigned property to the receiver, who was or-

dered from time to time to deposit in court the monies he should receive to the credit of the cause, to be held for the benefit of the complainants, and all other creditors who might acquire, during the continuance of the trust, a right to payment out of such funds, according to their legal or equitable priorities. On the 14th February, 1833, the complainant in this cause, having been appointed *receiver*, entered upon the duties of his office ; and on the 11*th March*, Moffat and his assignees transferred to him the assigned property, and gave him a written order upon *Isaac S. Hone*, the defendant in this cause, to pay over to him the net proceeds of certain goods, part of the assigned property, which, on the 1*st November*, 1832, had been placed by the assignees in the hands of Hone, to be sold by him as an auctioneer, and which had accordingly been sold, producing the net sum of $1068,31. This order was presented, and payment refused. The complainant further stated, that since the filing of the above creditor's bill, various other judgments for large amounts had been obtained against Moffat, and that the plaintiffs in such judgments, since 28th January, 1833, (*the time of the decree above mentioned*) had filed *creditors' bills*, on which, in several of the suits, *decrees* had been made establishing their rights, according to the order of their respective priorities, to payment out of the property and effects of Moffat in the hands of the complainant, and that the funds collected by him would prove insufficient to pay the creditors who had filed such bills. The complainant furter stated, that on the first day of June, 1332, Hone *assented* to the assignment of Moffat, by agreeing to accept the same and to discharge Moffat, and that he now claims to retain the said sum of $1068,31, which the complainant prays he may be directed to pay over.

Hone, in his answer, alleges that in February, 1832, he sold goods to Moffat to an amount exceeding $2000, for which he took Moffat's notes payable in six months, which remain unpaid ; that the receiver has realized from the estate of Moffat, independent of the monies in his hands, a sum more than sufficient to satisfy the two judgments set forth in the creditors' bill, filed in the cause in which the complainant was ap-

pointed receiver. That he has done no act to satisfy or confirm the assignment of Moffat, except signing his acceptance of the same, which he did under the full belief that the assignment was valid in law, but which, under the advice of counsel, he now concedes to be void ; but he insists that if the assignment is void, his acceptance thereof is also void, and that as he can derive no benefit from his acceptance, he ought to incur no injury therefrom. He states that the goods received by him from the assignees were received on the first of November, 1832, that they were sold on the *second* day of *November*, and on the *sixth* of the same month he rendered an account of sales to the assignees. He further states, that although four creditors' bills were filed, besides those filed on the two first judgments set forth in the complainants' bill that they were filed *subsequent to the second day of November*, 1832, on which day he insists he obtained a *lien* upon the proceeds of the goods in his hands, to satisfy his demands against Moffat.

The *vice-chancellor*, on the hearing of the cause made a decree that Hone pay to the receiver the sum demanded ; and the *chancellor*, on an appeal to him, *affirmed* the decree. The defendant below appealed to this court, where the cause was argued by

*W. Kent*, for the appellant.

*F. B. Cutting*, for the respondent.

The following opinion was delivered :

By the CHIEF JUSTICE. The question is whether the deed of assignment was *void* absolutely, or *voidable* only upon the institution of proper proceedings.

The vice-chancellor has argued the broad question whether an assignment like the present is void or voidable ; and comes to the conclusion that it is voidable only, and not void; and only to be avoided by proper proceedings, and a decree declaring it void. The chancellor confines himself, in his opinion, to the facts of the case, and says : " The defendant,

Hone, having assented to the assignment by executing the same, (his assent,) it is not void as to him." This is the true ground upon which the decision should rest, and upon this ground it cannot be controverted.

Why is any assignment by a debtor fraudulent? It is only so, because the effect of it is to delay or defeat creditors in the collection of their demands. It is a proceeding, therefore, adverse to the interests and wishes of the creditors. But if all the creditors assent to such assignment, and agree voluntarily to take their proportion of the assigned property and discharge the debtor, there is no fraud in such a transaction, and of course such an assignment, executed with the assent of all the creditors, would be valid, not void. The assignment in the case now before us was declared void as to the judgment creditors who filed their bill to set it aside; but suppose those creditors had assented to the assignment as the appellant Hone did, would not they have been estopped from alleging any fraud, when, with a full knowledge of its effects, they had assented to it? It surely could not be said to have been executed with intent to delay and hinder them in the collection of their demands, when they had agreed to its terms. It is universally held, and so are all the cases, that deeds which are fraudulent and void as to creditors, are valid as between the parties. It is their agreement, deliberately entered into, and as between them, there is no fraud. They are not permitted to say that because it is invalid as to others, it is so as to them. The same reason does not exist. There was no attempt to defraud each other. The same reason applies to all who are parties to it—to all who, being affected by it, have assented to it—and fully sustains his honor, the chancellor, in the decision made by him, and the ground upon which he placed the decision.

Hone, in the case under consideration, cannot be permitted to deny that Hall and Swan were the assignees of Moffat, nor that they were not lawfully in possession of the goods in question. He was therefore bound, as between him and Hall and Swan, to account to them, and should have paid over the proceeds to the receiver. It is well settled that the creditors acquire liens, and are entitled to priority of payment, in the

order in which they had commenced their suits, 2 *Paige,* 568 ; and it is admitted that the receiver has not sufficient property in his hands to satisfy the judgments in favor of the creditors who have filed their bills in the court of chancery, to obtain payment from property which they could not reach by execution. There is therefore no equity in favor of the appellant, which will justify him in withholding the proceeds of the goods sold by him, on the ground that he is a creditor of Moffat. He insisted that he acquired a lien on the 2d of November, 1832. As against judgment creditors, pursuing their legal remedies by creditors' bills, he has acquired no lien whatever. It is true, as he insists, that the assignment was declared void, but it was so declared as against the creditors who had filed their bill, not as against the parties to it, or those creditors who had assented to it. I do not mean to be understood as saying, that after the assignment had been declared void as to other creditors, the court would not, under a full disclosure of the circumstances under which a portion of the creditors had assented to it, declare it void also as to them, and permit them to participate in the relief given to the other creditors. I only intend to say that, as to such creditors who assented to the assignment, it is at most merely viodable, not void.

The decree of the chancellor should be affirmed, with costs.

The Court being *unanimously* of the same opinion, the decree of the Chancellor was accordingly *affirmed.*