JAMES H. WATSON AND JAMES H. PITTINGER, RESPONDENTS, *v.* WILLIAM W. BUTCHER, AS ASSIGNEE, ETC., OF GEORGE W. BROWN, APPELLANT, IMPLEADED, ETC.

37 391
f161a446

*General assignment—when the assignee may be authorized thereby to finish incompleted buildings.*

A general assignment for the benefit of creditors contained a clause relating to certain incompleted houses then being erected by the assignor, which read as follows, viz.: "And it is further provided that, should it be necessary and to the better performance of the trust, that the party of the second part shall have full power and authority to finish such work as is unfinished, to complete such buildings as are incompleted, and to pay all necessary charges and expenses for such completion prior to the payment of all debts and liabilities hereinbefore mentioned."

*Held*, that as this clause gave to the assignee no additional right beyond that which the law gave and imposed in all cases of trusts, its insertion in the assignment did not render it fraudulent as to creditors or require it to be set aside. (PRATT, J., dissenting.)

*Dunham* v. *Waterman* (17 N. Y., 9) distinguished.

APPEAL from an order made and entered herein, appointing a receiver of the property of the defendant George W. Brown.

This action is brought by the plaintiffs as judgment creditors of the defendant Brown, to set aside a general assignment made by him to the defendant Butcher, on the ground that the same is void upon the face thereof. The assignment contains the following provision: "And it is further provided that, should it be necessary and to the better performance of the trust, that the party of the second part shall have full power and authority to finish such work as is unfinished, to complete such buildings as are incompleted, and to pay all necessary charges and expenses for such completion prior to the payment of all debts and liabilities hereinbefore mentioned." On the 4th day of May, 1885, a motion was made at Special Term, before Hon. EDGAR M. CULLEN, by plaintiffs, that a receiver be appointed herein, pending the trial of this action. Said motion was granted, Mr. Justice CULLEN holding: "I think the provision for completing the unfinished buildings is illegal and vitiates the whole assignment." Upon said decision an order was entered herein, on the 9th day of May, 1885, appointing a receiver. From said order the defendant now appeals.

*William G. Cooke*, for the appellant.

*Edgar J. Phillips*, for the respondents.

BARNARD, P. J.:

The assignment gives no additional right to the assignee beyond that imposed by law in all cases of trusts. The assignment was by a debtor for the benefit of creditors. A portion of the assigned property consisted of unfinished buildings. A clause was inserted in the assignment in respect thereto in the following language: "And it is further provided that, should it be necessary and to the better performance of the trust; that the party of the second part shall have full power and authority to finish such work as is unfinished, to complete such buildings as are incompleted and to pay all necessary charges and expenses for such completion prior to the payment of all debts and liabilities hereinbefore mentioned and provided." While it may be conceded that cases might arise which would not justify the use of this power, it is certain that there are

cases when its exercise would not only be proper but imperative. The general rule is, that the trustee must preserve the estate and that the estate must pay for its preservation. An assignment for the benefit of creditors must absolutely and at once devote the property assigned to the payment of the debts. This is also a general rule, but a necessary delay in advertising the property would not vitiate the assignment. So, also, permission in an assignment to collect an assigned claim by installments does not invalidate an assignment. (*McConnell* v. *Sherwood,* 84 N. Y., 522.) In the present case the discretion given is one subject to supervision by a court, and is not absolute and does not, in effect, even interpose any delay in the right of the creditors to enforce the execution of the assignment. The case is not like *Dunham* v. *Waterman* (17 N. Y., 9), where there was an express provision that the assignee should complete unfinished work.

In the case under consideration the assignee gets no power by deed which is not subject to control of courts of equity, the same as if no such words were contained in the deed. It is a narrow distinction at best that a power conferred by law may be exercised by the assignee, but the same power expressed by the deed renders it void. We think, however, that in this case no power is conferred by the deed which renders the assignment void under the case of *Dunham* v. *Waterman,* above cited. It is rather embraced within the scope of the decision in *Jessup* v. *Hulse* (21 N. Y., 168). There the assignment provided that the assignee was to "sell, dispose of and convey the said real estate and personal property at such time or times and in such manner as shall be most conducive to the interest of the creditors." It was held that this language did not clothe the assignee with any power not conferred by law, and the assignment was held good.

The order appointing a receiver should therefore be reversed, with costs and disbursements.

DYKMAN, J., concurred.

PRATT, J. (dissenting):

We think the assignment in question in this case is void, for the reasons stated in *Dunham* v. *Waterman* (17 N. Y., 9), and kindred cases. The provision in respect to the completion of the unfinished

buildings, in effect, although it does not in form, confers upon the assignee discretionary power to complete such buildings and to pay the expense therefor before paying the assignor's creditors. A debtor can grant to his assignee no such power. (*Smith* v. *Beatty*, 31 N. Y., 545.) The assignment being void, it was proper to appoint a receiver in order to preserve the estate and to protect the rights of the plaintiffs and the other creditors. (*Bloodgood* v. *Clarke*, 4 Paige, 577; *People* v. *Chalmers*, 60 N. Y., 154.)

The order appealed from should be affirmed, with costs.

Order appointing receiver reversed, with costs and disbursements, and motion denied.