WILLIAM T. GILLOTT, JR., AS ASSIGNEE OF HERMAN N. SMITH, RESPONDENT, *v.* WILLIAM F. REDLICH AND OTHERS, APPELLANTS.

*Fraudulent sale of property by an insolvent debtor is not a bar to an action, brought by an assignee for the benefit of creditors, to recover it — a sale under valid process, after the execution and recording of the assignment, will not protect the party directing it.*

In an action brought by the plaintiff, as the general assignee of H. N. Smith, to recover the value of property claimed by him to have belonged to his assignor, and to have been unlawfully seized and sold by the defendants, it appeared that, prior to August 3, 1886, Smith gave a fraudulent bill of sale of the property to one Leffets; that, on August 5, 1886, the defendant Redlich procured an attachment against Smith and seized the property, which was then in the possession of Leffets, which attachment was, on August 10, 1886, vacated. On August 9, 1886, a general assignment for the benefit of his creditors, without preferences, was executed by Smith, which was recorded on August 11, 1886, and on August twelfth Redlich and two others of the defendants obtained attachments against Smith, and thereunder seized the property in question and sold it.

*Held,* that the bill of sale to Leffets was not a bar to the assignee after the assignment was made.

That when the first attachment was vacated the title became that of the assignee, and the subsequent seizure thereof under valid process afforded no protection to the defendants.

That evidence showing that the assignment was made with the express object of anticipating a new levy by attachment, was no proof of fraud, nor was it evidence to show that any particular creditor assailed the attachment, or as to the action, or neglect to act, on the part of the assignee since the assignment.

APPEAL from a judgment entered on the report of a referee on December 7, 1887, in the office of the clerk of Kings county, in favor of the plaintiff and against the defendants for the sum of $1,308.16 damages and costs in an action for conversion originally begun against the sheriff of Kings county.

*J. Homer Hildreth,* for the appellants.

*Henry D. Hotchkiss,* for the respondent.

BARNARD, P. J..

Smith was a debtor of Redlich; he was also debtor to Austin, Nichols & Co.; and, also, to Enyard & Bain. The first step in the complication was a fraudulent bill of sale of the debtor's property to one Leffets. This was given by Smith to him prior to August 3, 1886, and about that date. On the 5th of August, 1886, Leffets, as such fraudulent vendee, was in possession of the property; and the defendant Redlich got an attachment aginst the debtor and seized the property in possession of Leffets. This attachment was vacated on the 10th of August, 1886. On the 9th of August, 1886, the debtor made a general assignment for the benefit of his creditors, without preference. This assignment was recorded on August 11, 1886; and on the 12th of August, 1886, Redlich and Enyard & Bain got attachments against Smith, and thereunder seized the property in question and sold it. The assignee brings this action, and the question is as to the right of the plaintiff to recover its value of the defendant as for an unlawful seizure. The Leffets bill of sale was not a bar to the assignee after the assignment was made. (*Spring* v. *Short,* 90 N. Y., 538; Laws of 1858, chap. 314; *Wheeler* v. *Lawson,* 103 N. Y., 40.) The legislative act says that the assignee may treat the fraudulent title as "void." When the first attachment, therefore, was vacated the title became the title of the assignee. A subsequent seizure under valid process affords no protection. (*Wehle* v. *Butler,* 61 N. Y., 245.) It was no proof of fraud to show that the assignment was made with the express object of anticipating a new levy by attachment, and the exceptions based upon this assumption were not well taken; nor was it material to show that any particular creditor assailed the attachment; nor was it material as to the act or neglect to act by

the assignee since the assignment. They might show a bad trustee, but could not destroy the trust. In *McConnell* v. *Sherwood* (84 N. Y., 522) the right to compromise, "if it would be advantageous," was written in the assignment, and this was held to render the assignment void. The evidence fails to show any fraudulent intent as matter of fact. The evidence is voluminous, but nothing whatever appears in it to invalidate the assignment for fraud. It is equal as to all, and no debt is impeached or questioned.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.