In the Matter of the Estate of BARNET ABRAMOWITZ, Deceased.

Surrogate's Court, Kings County, January 31, 1939.

*Aaron William Levy,* for Adolph Feldblum and Joseph Epstein, creditors and moving parties.

*Bernard Austin,* for Morris Abramowitz, administrator and distributee, and Edna Schaller, Harold Abramowitz, Julius Abramowitz, Kate Spinell, Sam Abramowitz and Max Abramowitz, distributees, respondents.

WINGATE, S. The facts in this proceeding are not in dispute. The decedent was the owner of twenty-four and one-third out of twenty-five shares of the capital stock of a domestic corporation. This corporation was the record owner of considerable real property and its assets comprised substantially all of the valuable property which he owned in his lifetime. On his death the person appointed administrator of his estate claimed personal ownership of these shares and a statutory distributee employed the presently petitioning attorneys to institute the proceedings necessary to bring this stock asset into the estate. They were wholly successful in this regard, with the result that assets of an estimated value of $43,000 were brought into the estate which would not have been distributable as such but for their efforts.

When their success was assured, they were dismissed by their quondam client who apparently joined with the administrator and other distributees in an effort to prevent them from reaping the reward to which their services entitled them. They applied to this court for a fixation of their fees under section 231-a of the Surrogate's Court Act and this court awarded them $8,600 as the

reasonable value of their services to the estate as such. The estate is prosecuting an appeal from this decision which is still pending and undetermined.

Although the decree in the proceeding directed the administrator to make the payment, the attorneys have received nothing. It now develops that the administrator and the other nine distributees have instituted ten actions against the corporation in the Municipal Court and have recovered ten default judgments aggregating about $5,000. The attorneys are here seeking a stay against the collection of these judgments on the ground that their enforcement would in effect destroy the assets of the corporation and thus the assets of the estate with the result of defeating the rights of the attorneys. The distributees assert that the moneys were loaned by them to the corporation for the preservation of its assets, are validly due, and should be paid.

The principle appears well established that as between a decedent's estate and its distributees, the assets of a corporation preponderantly owned by a decedent are those of his estate for all administrative purposes. (*Matter of Steinberg,* 153 Misc. 339; *Farmers' Loan & Trust Co.* v. *Pierson,* 130 id. 110; *Matter of Gerbereux,* 148 id. 461, 466; *Matter of Lesser,* 154 id. 364, 366. See, also, *Matter of Sullivan,* 169 id. 16, 18; affd., 255 App. Div. 1008; *Matter of Markowitz,* 152 Misc. 1, 4.)

If this is so in respect of distributees whose rights are postponed to those of creditors of the estate, it must, as an *a fortiori* matter, be true as to the latter.

The situation is, therefore, presented that as to all of the present parties, the fiction of the corporate entity is non-existent, and the relations of all parties to the corporate property are precisely the same as if the corporate assets were actually held by the administrator without the intervention of the corporation shell.

Were such the nominal as it is the actual fact, the distributees, if, as they assert, they actually advanced moneys of their own for the preservation of the estate assets, would possess valid claims for reimbursement thereof as legitimate administration expenses. The adjudicated claim of the attorneys is, however, on the same footing, and if the assets of the estate which include those nominally held by the corporation are not sufficient to pay all such legitimate claims in full, all claimants are entitled to share *pari passu.*

Since, on the demonstration of the record, the enforcement of the judgments thus collusively entered by default of the distributees is in derogation of the rights of the petitioners and in contravention of the basic policy of equality of administration, such action by them will be stayed as prayed.

Enter order on notice in conformity herewith.