In the Matter of the General Assignment for the Benefit of the Creditors of FORTY WALL STREET CORPORATION, Assignor, to FERDINAND EBERSTADT, Assignee.

MARY I. McGOEY, Petitioner, Appellant; FORTY WALL STREET CORPORATION, Assignor, FERDINAND EBERSTADT, Assignee, THE MARINE MIDLAND TRUST COMPANY OF NEW YORK, as Successor Trustee, and STARRETT CORPORATION, Respondents.

First Department, November 17, 1939.

*Max J. Rubin* of counsel [*Leo Guzik* with him on the brief; *Karelsen & Karelsen*, attorneys], for the appellant.

*Lewis H. Saper* of counsel [*Paul McDermott* with him on the brief; *Lewis H. Saper*, attorney for Ferdinand Eberstadt, assignee; *Palmer & Serles*, attorneys for Forty Wall Street Corporation, assignor], for the respondents.

*Robert E. Houston, Jr.,* of counsel [*S. Pearce Browning, Jr.,* with him on the brief; *Sullivan & Cromwell,* attorneys], for the respondent The Marine Midland Trust Company of New York, as successor trustee.

*Carlos L. Israels* of counsel [*White & Case*, attorneys], for the respondent Starrett Corporation.

DORE, J. The indenture of assignment involved in this proceeding purports to be a general assignment for the benefit of creditors under article 2 of the Debtor and Creditor Law, which

regulates the requirements for valid general assignments for the benefit of creditors. Nevertheless, the assignment intentionally, although concededly without any fraud, expressly excepted all the property of the assignor which was subject to a lien of the first mortgage, the property subject to an assignment of rents, and the property subject to a lien of a second mortgage.

It is so well settled that a general assignment for the benefit of creditors is void unless it complies with the provisions of article 2 as not to require the citation of authorities. By its very terms and provisions the assignment herein is on its face not a general but a partial assignment. No such partial assignment is provided for or permitted by the statute under which the debtor purports to be proceeding. The title of article 2 is " General Assignment for the Benefit of Creditors." Section 3 of that article, providing the requisites of a general assignment, refers to a " conveyance or assignment made by a debtor *of his estate,* real or personal, or both." (Italics mine.) The word " estate " is a term of the broadest comprehension and obviously embraces every species of the debtor's property. (Black's Law Dict. [3d ed. 1933] p. 683.) Section 4, entitled " Debtor's Schedule," prescribes the nature of the inventory to be filed with the county clerk of the county where the assignment is recorded. It requires: " 4. A full and true inventory of all such debtor's estate at the date of such assignment, both real and personal, in law and equity." This is the type of inventory the Legislature prescribes for the general assignment under article 2. If the Legislature did not intend that the assignment itself was to cover all of the debtor's estate it is difficult to understand why it required a full and true inventory of the entire estate in connection with such assignment.

On the other hand, there is not a single provision of the statute giving any indication that the Legislature contemplated a reservation by the debtor of any part of his property. The construction placed by respondents upon section 3, which mentions property " real or personal, or both," as indicating an intent that an assignment might be partial, is a strained and unreal construction which wholly disregards the comprehensive words " of his estate " which immediately precede the words " real or personal, or both." Such construction is in direct conflict with the title and the other provisions of the statute. In *United States* v. *Hooe* (3 Cranch, 73), where a debtor conveyed part of his property to a trustee to pay the debt of a single creditor, and the United States claimed the conveyance was an act of insolvency, Chief Justice MARSHALL said: " The words of the act extend the meaning of the word insolvency to cases where ' a debtor, not having sufficient property

to pay all his debts, shall have made a voluntary assignment thereof, for the benefit of his or her creditors.' The word ' property ' is unquestionably all the property which the debtor possesses; and the word ' thereof ' refers to the word ' property ' as used, and can only be satisfied by an assignment of all the property of the debtor. Had the Legislature contemplated a partial assignment, the words ' or part thereof,' or others of similar import, would have been added."

A distinction must be made between a general assignment under the Debtor and Creditor Law and cases that refer to mere common-law conveyances of some of the debtor's property for the purpose of securing specific debts. *Carpenter* v. *Underwood* (19 N. Y. 520 [1859]), decided before the passage of the General Assignment Act (Laws of 1860, chap. 348), is not controlling.

The assignment before the court purported to be made under the comprehensive terms of article 2 of the Debtor and Creditor Law. The title of that article, its provisions, its purpose and whole scheme indicate a clear legislative intent that a general assignment must cover all of the debtor's property. When a substantial portion of the debtor's property is deliberately and intentionally omitted, even though without fraud, the assignment does not conform to the provisions of the statute under which it purports to be made, and on application in the assignment proceedings, such as made by the petitioner herein, it may be set aside as invalid and void.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., TOWNLEY and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted. Settle order on notice.