In the Matter of the Judicial Settlement of the Account of First Trust and Deposit Co. and Others, as the Executors, etc., of Thomas H. Clere, Deceased.— Decree so far as appealed from by the objectors reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event; decree so far as appealed from by Roy P. Chamberlin affirmed, without costs  Order reversed on the law, without costs, and matter remitted to the Surrogate's Court with directions to order the filing of the supplemental account. Memorandum: The evidence produced by the objectors was sufficient to raise a question of fact as to the negligence of the accounting executor and of its coexecutors in respect to their acts in administering the estate of the decedent and it was reversible error to dismiss the objections at the close of the objectors' proofs. The evidence required an explanation and justification upon the part of the executors of their acts if they desired to be relieved from the imputation of negligence. (*Matter of Baker*, 249 App. Div. 265.) The court should have granted the motion to compel the accounting executor to file a supplemental account in respect to its liquidation of the Clere Clothing Co., Inc., in which company the decedent had the controlling interest as a stockholder. (See *Matter of Abramowitz*, 170 Misc. 68, 70.) The agreement of January 31, 1930, does not relieve it of this duty. We deem it unnecessary, at this time, to pass upon other alleged erroneous rulings urged upon us by the appellants. All concur. (The decree settles certain accounts of one of the executors of decedent's estate. The order denies a motion to compel the filing of a supplemental accounting.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

The Riverdale Cemetery Association of Niagara Falls, N. Y., and Others, Appellants, v. St. Mary's Roman Catholic Church Society of Niagara Falls, N. Y., and Another, Respondents.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order grants two motions to dismiss the complaint in an action to set aside a deed and to restrain the enforcement of a contract.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

Ludovic A. Amelotte, Appellant, v. The Jacob Dold Packing Company, Respondent.— Judgment affirmed, with costs. All concur. (The judgment dismisses the complaint in an action to recover for value of time lost by plaintiff between the date of his discharge and the expiration of a labor contract between defendant, plaintiff's employer, and the union of which plaintiff was a member.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ. [173 Misc. 477.]