In the Matter of the Final Accounting of LESTER PAWPAW, as Committee of the Person and Property of HARRY or HENRY PAWPAW, an Incompetent Person. HARRY J. PAWPAW, Former Incompetent, Appellant; WILLIAM J. GLINNEN, Attorney for Committee, Respondent.— In a proceeding brought to settle and approve the final account of the committee of the person and property of an incompetent person (who shortly prior to commencement of said proceeding was adjudged competent), the appeal is from so much of the order settling the committee's final account as fixed and allowed $750 to the committee's attorney for his services. Order modified on the facts by striking from its fourth decretal paragraph the words and figure " Seven Hundred Fifty ($750.00/100) " and by substituting therefor the words and figure " Five Hundred ($500.00/100) ". As so modified, order insofar as appealed from unanimously affirmed, without costs. In our opinion, under all the circumstances the sum of $500 is a fair and reasonable allowance to the attorney for his services in this proceeding. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ.

 In the Matter of the General Assignment for the Benefit of Creditors of PETER PUPPET PLAYTHINGS, INC. HARRIS LEVIN, Appellant; JULIA ADAMS et al., Respondents.— In a proceeding pursuant to article 2 of the Debtor and Creditor Law, the appeal is from an order denying appellant's motion to expunge certain claims. Order affirmed, with $10 costs and disbursements. The claims herein involved were for severance pay to employees of the assignor. The assignor's collective-bargaining agreement provided for such severance pay in the event it " desire[d] to liquidate " and did liquidate its business. There was no provision for severance pay if employee were discharged " for just cause ". In this case, appellant (the assignee) contends that the termination of respondents' employment upon the making of the assignment came within the provision relating to discharge for just cause, rather than the provision relating to liquidation of the business pursuant to the employer's desire therefor. In our opinion, the termination of respondents' employment comes within the severance-pay provision relating to liquidation of the business, not the provision relating to " discharge for just cause "; since (1) an assignment for the benefit of creditors is a voluntary liquidation, " desired " by the assignor (Debtor and Creditor Law, § 14; McConnell v. Sherwood, 84 N. Y. 522, 530; Warner v. Jaffray, 96 N. Y. 248; Matter of Sheldon, 173 N. Y. 287, 290), and (2) the words " discharge for just cause " apply only where the employee has been guilty of some fault or misconduct, not where the termination of employment results from the employer's discontinuance of his business (Amelotte v. Jacob Dold Packing Co., 173 Misc. 477, 482, affd. 260 App. Div. 984; Adams v. Jersey Cent. Power & Light Co., 36 N. J. Super. 53; International Assn. of Machinists v. State, 153 Fla. 672). It is irrelevant that, prior to and up to the time of the assignment, respondents were " laid off " for the slow season, subject to their seniority rights as to layoffs and reinstatements under their collective-bargaining agreement, since they nevertheless retained their status and rights as employees, including their right to severance pay. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.