■ COMPAGNIA DISTRIBUZIONE CALZATURE, S.R.L., Appellant-Respondent, v PSF SHOES, LTD., et al., Respondents-Appellants, et al., Defendant. [613 NYS2d 931] —In an action to set aside a conveyance of corporate assets as fraudulent, the plaintiff appeals from so much of a judgment of the Supreme Court, Queens County (Kassoff, J.), entered November 13, 1992, as, upon an order of the same court, dated September 3, 1992, granting that branch of the motion of the defendants PSF Shoes, Ltd., Steven Fuchs, and Peter Fuchs, which was for summary judgment dismissing the plaintiff's complaint insofar as it is asserted against them, dismissed the complaint against those defendants, and those defendants cross-appeal from so much of the same judgment as dismissed their counterclaim to recover sanctions for a frivolous lawsuit.

Ordered that the judgment is modified, on the law, by deleting the provision thereof that dismissed the complaint insofar as it is asserted against the respondents-appellants; as so modified, the judgment is affirmed, with costs to the plaintiff; and it is further,

Ordered that the order dated September 3, 1992, is modified, by deleting the provision thereof which granted that branch of the motion which was for summary judgment dismissing the complaint insofar as it is asserted against the respondents-appellants, and substituting therefor a provision denying that branch of the motion.

The instant appeal arises from an alleged assignment for the benefit of creditors by Fratelli Footwear, Ltd. (hereinafter Fratelli), a corporation formed to engage in the business of selling shoes at wholesale, in which the defendants Steven and Peter Fuchs were the principal officers and shareholders. On October 21, 1988, a few days before the assignment, Steven and Peter Fuchs, who had formed or were in the process of forming PSF Shoes, Ltd., for the purpose of the wholesale sale of shoes, purchased a substantial amount of Fratelli's office equipment. Thereafter, on October 24, 1988, the assignment was executed, allegedly for the benefit of creditors, to an assignee who accepted the assignment, and allegedly auctioned off all of the remaining Fratelli corporate assets. At the auction GCC Corp. acquired a portion of the Fratelli inventory, for $17,000, and acquired the "Fratelli" trademark for $15,000. Shortly thereafter, PFS Shoes, Ltd., purchased those assets which had been acquired by GCC Corp.

The plaintiff, a manufacturer of shoes, commenced this action to recover on a judgment it had obtained against Fratelli for shoes it had supplied to Fratelli. The plaintiff alleges that the heretofore-described asset assignments and transfers were engaged in for the purpose of defrauding creditors, and therefore the defendants could be held liable for a judgment secured following the alleged assignment for the benefit of creditors. On a subsequent motion by the defendants PSF Shoes, Ltd., Steven Fuchs, and Peter Fuchs, the Supreme Court granted them summary judgment dismissing the complaint insofar it is as asserted against them, but dismissed their counterclaim to recover sanctions for a frivolous lawsuit. The plaintiff appeals and the movants cross-appeal.

A general assignment for the benefit of creditors is an assignment by a debtor transferring all of his or her property in general terms to an assignee in trust for all creditors of the debtor, or a voluntary transfer by a debtor of all his property to a trustee of his own selection, for administration, liquidation, and equitable distribution among his creditors (see, Matter of Creveling & Son Corp., 259 App Div 351, affd 283 NY 760; Young v Stone, 61 App Div 364, affd 174 NY 517; 30 NY Jur 2d, Creditor's Rights, § 449, at 389). In short, it is a voluntary liquidation "desired" by the assignor (Matter of Peter Puppet Playthings, 10 AD2d 866).

The general assignment provisions of the Debtor and Creditor Law indicate a clear legislative intent that a general assignment must cover all the debtor's property, both real and personal (see, Matter of Forty Wall St. Corp., 258 App Div 108).

A partial assignment is void and of no effect as a general assignment *(see, Matter of Forty Wall St. Corp., supra,* at 109).

On this record, we conclude that the Supreme Court erred in granting the motion for summary judgment. The movants have failed to establish as a matter of law that the transfer to the assignee constitutes a general assignment of all of the Fratelli assets, as is required in an assignment for the benefit of creditors. While the movants did provide proof that certain assets were transferred to the assignee, questions of fact exist concerning, for example, whether certain assets were properly transferred through a third party, what happened to assets that remained unsold after auction, and whether still other assets, such as leaseholds and previously-transferred assets, were improperly excluded from the assignment. Given these issues, summary judgment is inappropriate at this juncture *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

In light of the foregoing, we find that the request for the imposition of sanctions was properly denied. Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.