# REPORTS

OF

# CASES ARGUED AND DETERMINED

## AT JUNE TERM, 1851.

LAND & WIFE *vs.* COWAN, *et als.*

1. If the complainant is not entitled to relief upon the original bill, matters which subsequently occur, and which are averred by way of supplemental bill, cannot cure the defect.
2. When a remainder man files a bill *quia timet*, to protect his interest in certain slaves, an allegation in the bill that one of the defendants seized upon, and took possession of the negroes, from and out of the possession of the tenant for life, and that he has ever since exercised, and claims to exercise full control over them, and has placed them in the possession of another defendant, who still retains them, does not warrant the presumption that he took them as a trespasser, or that he holds them otherwise than in subordination to the true title.
3. A remainder man cannot complain of a trespass upon the tenant for life, unless such trespass in some way endangers his remainder.
4. Every fact essential to entitle the complainant to the relief which he seeks, must be averred in the bill, and relief cannot be granted for matters not alleged, although they may be apparent from other parts of the pleadings and evidence.

ERROR to the Chancery Court of Cherokee. Tried before the Hon. D. G. Ligon.

J. B. MARTIN, for plaintiffs in error.

A. WHITE, *contra.*

20

CHILTON, J.—When this case was argued at the bar, it occurred to me that the decree of the chancellor could not be supported; but upon looking more narrowly into the record, I am satisfied that his decision was correct.

It is proper in the outset to remark, that if the record shows that the complainants were not entitled to relief upon the original bill, the matter which subsequently occurred, and which is averred by way of supplemental bill, does not cure the defect.— Hill v. Hill, 10 Ala. 527.

The complainants insist, that under the will of Nathan Sanders, Mary, his widow, was entitled to the property in controversy during her life or widowhood, and that upon her death or subsequent marriage, the absolute property would vest in them in right of complainant Elizabeth. The bill is one filed *quia timent*, to protect the remainder, and the danger to the remainder which is averred by the complainants is, that the property will be taken without this State. This ground, which is asserted upon information and belief, is wholly unsustained by the proof, while it is expressly denied by the answer.

Failing in this, the counsel for the complainants throws himself upon another ground, namely, that there has been a sale fraudulently made of the entire property, and that Cowan insists upon the entire right to said slaves as administrator of John Gibson's estate, by virtue of a bill of sale made by Mary Sanders to said Gibson, conveying said slaves to him; and he supposes the case is brought within the decision of Lyde, et al. v. Taylor, et al. 17 Ala. 270, where we held that "when a tenant for life has conveyed the slaves absolutely to different persons, who claim the entire title and deny that of the remainder men, a court of equity will interpose, and secure to them the future enjoyment of their rights." Now, that the record shows facts sufficient to bring the case within the influence of this and kindred decisions there can be no reasonable doubt; but we have read the bill over and again, to ascertain where the bill of sale by Mrs. Sanders to Gibson, and the assertion of a hostile title to that of the complainants under it, or under any other pretence of right, is alleged in the bill, and we confess we have been wholly unable to find that any such allegations are contained in it. It is true, there is an averment to the effect, "that by some means or other, the said negro woman and her children were

fraudulently purchased from the said Mary Sanders, without consideration; and a bill of sale obtained fraudulently from the said Mary to said negroes." Now whether said bill of sale has ever been set up as valid, whether indeed it is outstanding, to whom it was given, or who has it, are all matters upon which the bill is silent. There is no averment in any way connecting the defendants Cowan and Hollingsworth with said bill of sale, nor the least intimation given by the pleader, that either of them claims to hold under it.

It cannot, we apprehend, be seriously contended that the bare fact of some one having fraudulently obtained a bill of sale from the tenant for life at some time, can give a right of action against these defendants, who, for aught appearing in the bill, are total strangers to the transaction. Such pleading is not to be encouraged, for a defendant could never tell what he is to answer. We may then lay the bill of sale out of the way, and proceed to the other grounds of alleged jurisdiction.

It is supposed that the assertion of a hostile right to the property on the part of Cowan gives to those entitled in remainder the right to the protection of the court. If we concede this, still the bill is wholly defective in the averment of any such assertion of right. It says, "that Robert S. Cowan in 1839 or 1840 seized upon and took possession of the said negro woman Eve, and of her children above named, from and out of the possession of the said Mary Sanders, and has ever since exercised and claims to exercise full control over the same, and has placed said negroes in the possession of Thomas Hollingsworth, who has them now in his possession." This averment, which is the only one as to the manner in which the slaves were taken and held, constitutes no ground for resorting to a court of equity. It does not negative the idea, that Cowan may have lawfully seized them; *non constat*, Mrs. Sanders who had the right to them, until her marriage or death, may have hired them to him, or have sold her interest in them to him; at all events, we should be going a great length to presume that he took them as a trespasser, and without right, when the pleader who knew or could have known the facts so material to his case, has failed so to state it. Neither are we authorized to presume that Cowan holds them otherwise than in subordination to the true title, since this presumption is consistent with the facts al-

leged. The pleader does not charge that he (Cowan) sets up any title to these slaves, but only that he has exercised and claims to exercse full control over the same.

If Mrs. Sanders was entitled to the possession when this bill was filed, she might well have vested her right of possession in Cowan; but if he trespassed upon her right, unless such trespass in some way endangered the remainder which ultimately belonged to the complainants, they had no cause of complaint. It was a matter solely between Mrs. Sanders and Cowan, in which they (the complainants) had no interest or concern whatever.—Nance v. Coxe, 16 Ala. 125. So that upon the case made by the bill, the allegation of danger from the removal of the property out of the way, as not sustained by a particle of testimony, the complainants have not the semblance of equity on which to rest their claim for relief.

This being the case, we deem it unnecessary to go into the proof and answers; for it is but common learning that every fact essential to entitle the complainant to the relief which he seeks must be averred in the bill, and that relief cannot be granted for matters not charged, although they may be apparent from other parts of the pleadings and evidence.—See upon this point, Story's Eq. Plead. §§ 257, 28; 1 Bro. C. R. 94; 6 Johns. R. 565; Cooper's Eq. Plead. 5-7; 11 Peters, 229; 11 Ves. 240; 3 Wend. 584; 7 Wheat. 522; Daniel's Ch. Pr. 411, n; Mitf. Plead. 71 n 2; 16 Ala. R. 793; 15 ib. 634; 13 ib. 681; 11 ib. 960; 6 ib. 518; 3 ib. 421; 1 ib. 330; 8 Port. R. 211; 5 ib. 343; 4 ib. 306; 3 ib. 470; 3 Stew. R. 243. The sale to Gibson, and claim of title by his administrator, are not the causes set up by the bill for relief, but the threatened removal of the property.

Let the decree be affirmed.