### SALTONSTALL AND WIFE vs. GORDON.

[BILL IN EQUITY FOR RESCISSION OF CONTRACT ON GROUND OF FRAUD.]

1. *When failure to disclose facts constitutes fraud.*—In the absence of any fiduciary relation between the parties, the purchaser is not bound to disclose to the vendor any material fact within his knowledge, unless he knows or has reason to presume that the latter is ignorant of that fact; nor does his failure to disclose such facts constitute a fraud, against which equity will grant relief.

2. *Same.*—The purchaser is not bound to disclose to his vendor, in buying the latter's title to a tract of land claimed by both under conflicting titles, the fact that he had already sold the land, or the price which he had obtained for it; nor is his failure to disclose those facts fraudulent.

3. *When misrepresentation constitutes fraud.*—Where it appears that both parties claimed title to a tract of land; and that the complainant's agent, after having employed an experienced attorney to investigate the facts connected with their conflicting claims, proposed a compromise, which the defendant accepted,—the assertions of the latter, respecting the validity of his title, are the mere expression of an opinion, which could not have misled the complainant, or induced him to enter into the contract, and do not constitute a fraud.

4. *Inadequacy of consideration no ground of rescission.*—Mere inadequacy of consideration, in the absence of other circumstances, is not sufficient to induce a court of equity to rescind a contract, unless the inadequacy is so great as to shock the conscience and amount to conclusive evidence of fraud.

APPEAL from the Chancery Court at Mobile.

Heard before the Hon. WADE KEYES.

THE bill in this case was filed by the appellants, Seneca A. Saltonstall and Louisa, his wife, against Archibald W. Gordon and Richard H. Redwood. Its object was, to obtain the rescission of a contract, by which Mrs. Saltonstall, then an infant and unmarried, transferred to the defendant Gordon, by a quit-claim deed, her interest and title in and to a certain lot in the city of Mobile, of which said Gordon was then in possession, and to which he claimed title; the defendant Redwood acting as the complainant's agent in the transaction, and being joined as a party on an allegation of fraudulent combination with his co-defendant. A rescission of the contract was sought on the grounds of fraud and inadequacy of consideration; the alleged fraud consisting in the defendant's misrepresentation and concealment of material facts within his knowledge, respecting the title and value of the land. The defendants filed separate answers, denying the allegations of fraud, and stating the circumstances under which the contract was made; and the defendant Gordon further insisted, that his title to the land, at the time of the contract, was superior to that of the complainant, and that she in fact had no title. On final hearing, on pleadings and proof, the chancellor dimissed the bill; and his decree is now assigned as error.

R. EVANS, for the appellants.

E. S. DARGAN, contra.

WALKER, J.—The entire claim to relief in this case rests upon the allegation of fraud in the purchase by the defendant Gordon of a certain lot in the city of Mobile. The fraud is said to have been perpetrated by a failure to disclose and a misrepresentation of facts affecting the value of the land, whereby the vendor was induced to sell for less than the value of the property.

Chancellor Kent, in the 2d volume of his Commentaries, page 482, defines the obligation of disclosure imposed upon contracting parties as follows : " Each party is bound to communicate to the other his knowledge of material facts, provided he knows the other to be ignorant of them,

and they be not open and naked, and equally within the reach of his observation." In a note to the later editions of that work, the rule as laid down is admitted to be too broad, and it is subjected to this qualification, that the party in possession of the facts must be under some special obligation, by confidence reposed or otherwise, to communicate them truly and fairly. In Story's Equity Jurisprudence, the undue concealment which amounts to a fraud, in the sense of a court of equity, is defined to be the non-disclosure of those facts and circumstances, which one party is under some legal or equitable obligation to communicate to the other, and which the latter has a right, not merely *in foro conscientiæ*, but *juris et jure*, to know.—1 Story's Equity, § 207. These definitions, not differing materially from each other, have been approved and adopted in this State.—Camp v. Camp, 2 Ala. 636; Steele v. Kinkle & Lehr, 3 Ala. 357; Moore v. Clay, 7 Ala. 742; Juzan v. Toulmin, 9 Ala. 684; Van Arsdale v. Howard, 5 Ala. 596; Kennedy v. Kennedy, 2 Ala. 593; see, also, 1 White & Tudor's Leading Cases, 141.

It would be alike inconsistent with those authorities and with reason, to pronounce an omission to disclose any material fact fraudulent, unless the ignorance of that fact on the part of the other contracting party was known, or unless there was reason to presume it. There can be no obligation to communicate facts to a party, not known to be uninformed as to those facts, or presumable to be so uninformed.

The chief fact of which an undue concealment is charged, is the tenancy of the defendant Gordon under the complainant's guardian. If such tenancy ever existed, the failure to disclose it cannot justify the imputation of fraud. It does not appear that Mrs. Saltonstall was ignorant of the fact that such tenancy had existed, or, if she was, that Gordon knew of such ignorance. At the time when the tenancy is alleged to have commenced, Mrs. Saltonstall was about fifteen years of age, and resided in Mobile, with her step-mother, who knew of the tenancy if it existed. She left Mobile, in 1829, at the age of about sixteen years, and continued to reside with her step-

mother and guardian, who says she received rent from defendant, through her husband. In March, 1834, a few months before Mrs. Saltonstall attained majority, her step-mother and former guardian was in Mobile, and conversed with her as to the compromise with the defendant, which was then contemplated, as to the doubt of her right which was expressed. From these facts the complainant's ignorance of the tenancy, if it ever existed, is not inferrible, and scarcely probable. They certainly leave us no room for the conclusion, that the defendant knew, or had reason to believe, that Mrs. Saltonstall was ignorant in that particular. There being no proof of the defendant's knowledge of any want of information on the complainant's part, we can predicate no conclusion of fraud upon his omission to disclose.

[2. The defendant was under no obligation to disclose the fact that he had sold the land, or the price at which he had sold. It is not perceived that a knowledge of the price at which the sale was made would have affected the complainant's determination as to selling. It is not at all certain that she was uninformed as to those matters. The possession of the purchasers was at least sufficient to put her upon inquiry. But, aside from those considerations, it is impossible to conclude, that Gordon was under any obligation, or had any reason to regard himself as under any obligation, to make a disclosure of circumstances affecting the value of the land. In the absence of such obligation, and of everything like trust or confidence, an omission to disclose an extrinsic circumstance of that character, which might tend to affect the vendor's estimate of the value of the property, is not fraudulent. 1 Story's Eq. Jur. § 207.

[3.] No misrepresentation of matters of fact is proved to have been made by the defendant, Gordon. He asserted title to the lot in himself, in the communication which he had with defendant Redwood, acting for Mrs. Saltonstall. But it does not appear that he either concealed or misrepresented the facts upon which the validity of his title depended. It is certain that he believed, with some degree of confidence, that his title was superior to that of

the complainant. Which was the better title, was a matter of judgment. There seems to have been no misrepresentation of the facts relied upon to sustain the title of either party. It is clear, too, that the complainant neither relied upon, nor was induced to sell by, any representation of Gordon. There was never any communication between them upon the subject. There appears to have been a single interview between Redwood, who was acting for the complainant, and Gordon; and certainly no false assertions are proved to have been then made. Redwood, with the approval of the complainant, judiciously commenced his agency for the complainant by employing an eminent and reputable lawyer to investigate the location and title of the land. He made no move, until the lawyer had discharged that duty and reported the result. Then Redwood made proposals for compromise with Gordon. He acted under the advice of the lawyer, and manifestly was influenced by the conclusions attained by the lawyer in his investigation of the facts and the law. He did not permit Gordon or his attorney to communicate with him. He acted, too, with the consent and approval of the complainant. It is thus most apparent, that no representations by Gordon constituted a material inducement to the sale. The assertion by Gordon of a claim to the land does not appear to have misled the complainant, and involved no misrepresentation of fact; but it was a mere matter of judgment, as to which neither party can be supposed to have been influenced by the other. From such assertion no deduction of fraud can be drawn.—1 Story's Equity, §§ 191, 192, 195, 197, 208; Stow v. Bozeman, 29 Ala. 397.

[4.] Inadequacy of consideration is not, of itself, a ground of relief by a vendor against a vendee. It certainly can become a ground of relief, only when it is so gross as to "shock the conscience, and amount in itself to conclusive and decisive evidence of fraud."—1 Story's Equity Jur. §§ 244, 245, 246; Bozeman v. Draughan, 3 St. 243; Juzan v. Toulman, 9 Ala. 662; Eaton v. Patterson, 2 St. & P. 9; Judge v. Wilkins, 19 Ala. R. 765. When it is considered that the complainant's title was

11

not only doubtful, but was pronounced to be extremely doubtful by an able and distinguished lawyer, against whom there is no evidence of fraud or unfairness, and who investigated it for her, it is impossible, under the proof, to regard the price paid as so inadequate as to carry with it decisive evidence of fraud.

We find no ground of relief against the defendant Redwood, who acted as the friend and guardian of Mrs. Saltonstall. As far as we can learn from the pleadings and evidence, his conduct was fair, free from guile and deceit, and directed to the single purpose of promoting the complainant's interest.

The decree of the chancellor is affirmed.