38  329
123  637
123  639

# RIVES, BATTLE & CO. *vs.* WALTHALL'S EX'RS.

[BILL IN EQUITY BY CREDITOR TO HAVE MORTGAGE DECLARED VOID OR FORECLOSED.]

1. *Validity of mortgage.*—The case of *Walthall's Executors v. Rives, Battle & Co.*, (34 Ala. 91.) as to the validity of a mortgage given to indemnify a surety, re-affirmed.

2. *What relief may be had under alternative prayers.*—Whether a creditor may file his bill in a double aspect, asking to have a mortgage, executed by his debtor, declared fraudulent and void, or, if valid, foreclosed for his benefit, is a question which was not decided on the former appeal in this case, as erroneously stated in the second head-note of the former report of the case, (34 Ala. 91,) and which it is unnecessary now to decide, since the bill does not contain alternative allegations to support the alternative prayers.

3. *What relief may be had under creditor's bill.*—A creditor's bill, to obtain satisfaction of a judgment out of the debtor's assets, cannot be maintained, either under the act of 1844, (Session Acts 1843-4, p. 107,)

or independently of that act, when it shows that all the assets are covered by valid mortgages, and does not make out a case for the foreclosure of the mortgages.

4. *Facts occurring after filing of bill, no ground for relief.*—The equity of a bill cannot be supported by facts occurring after the commencement of the suit, nor can such facts be made the basis of relief.

5. *Amendment of bill.*—Under the act approved February 8, 1858, "amendatory of proceedings in chancery," (Session Acts, 1857-8, p. 230,) the chancellor has a discretionary power to prescribe the terms on which an amendment of the bill shall be allowed.

APPEAL from the Chancery Court of Perry.

Heard before the Hon. JAMES B. CLARK.

THE original bill in this case was filed on the 20th January, 1847, by Rives, Battle & Co., as judgment creditors of Thomas H. Hill, against said Hill and Richard B. Walthall; and sought to have a mortgage, executed by said Hill to Walthall, declared fraudulent and void as to complainants, or foreclosed for their benefit. Separate answers were filed by the defendants, insisting on the validity of the mortgage, but admitting most of the other material allegations of the bill, and demurring to the bill for want of equity. Walthall died pending the suit, and his executors were brought in by bill of revivor and supplement. The chancellor overruled the demurrer, and, on final hearing on pleadings and proof, rendered a decree for the complainants ; setting aside the mortgage as fraudulent, ordering an account, &c. On appeal to this court, at its January term, 1859, the chancellor's decree was reversed, and the cause remanded ; the court holding, that the bill was wanting in equity, because it no where alleged that Hill was the defendant in the complainants' judgment; and that the mortgage from Hill to Walthall was valid.—See the case reported in 34 Ala. 91-97.

Before the former hearing, a supplemental bill was filed, alleging that Edward S. Jones and Benjamin Borden, as trustees under a marriage settlement between Hill and his wife, had possession of some of the slaves embraced in the mortgage from Hill to Walthall, and were receiving the hires and profits ; and said Jones and Borden were made

defendants to the bill. After the remandment of the cause, the plaintiffs asked leave to amend their bill, by adding an averment that Hill was the defendant in their judgment, and by making other changes, which were thought necessary, under the opinion pronounced in the cause by this court, to perfect their right to relief. The chancellor allowed the specified amendment and some of the others as proposed, but imposed costs on the complainants, and required them to admit secondary evidence of the marriage settlement between Hill and wife. The cause was again brought to a hearing before him at the June term, 1859, when he rendered a decree dismissing the complainants' bill, but without prejudice to the exhibition of another bill against the personal representatives of Walthall, or against the trustees under the marriage settlement, to subject the hires and profits of the slaves to the satisfaction of the complainants' judgment against Hill; and this decree, together with several rulings on exceptions to evidence, the rejection of some of the proposed amendments, and the terms imposed on the allowance of the others, is now assigned as error.

J. R. JOHN, and P. LOCKETT, for appellants.
W. M. BROOKS, and BYRD & MORGAN, contra.

A. J. WALKER, C. J.—In support of the complainants' right to relief, three positions are taken. They are—first, that the mortgages described in the bill are fraudulent; secondly, that if not fraudulent, the complainants are entitled to a satisfaction of their judgment out of the mortgaged property, after the discharge of the mortgages; and, lastly, that the bill may be regarded as a creditors' bill, under which satisfaction of the complainants' judgment out of certain property may be had.

1. The first of the three positions can not be sustained; because the allegations of fraud are denied by the answers, and not supported by the requisite measure of proof; and because the arguments in favor of the inference

of fraud, not defeated by the denials of the answer, are overruled by our former decision in this case, reported in 34 Ala. 91.

2. The averments of the bill are such that the second position cannot be sustained. The mortgages are in the bill declared fraudulent, and several grounds for the inference of fraud are set out. The bill contains a specific prayer, that the mortgages may be declared null and void ; and another prayer, that, if they are not so declared, the mortgages may be foreclosed, and the mortgages and the judgment of complainants be discharged from the proceeds of sale. We have here alternative prayers, for the annulment of the mortgages, and for their foreclosure for the benefit of the mortgagee and the complainants. It was in view of these alternative prayers, that we said when this case was before in this court, that there were two distinct *claims* to relief *which the complainants set up.*—32 Ala. 91. This assertion by no means involved a decision, that, without an amendment of the bill, alternative cases for the granting of either of the claims to relief was made. Whether the claims set up were respectively predicated upon sufficient allegations, was a point not touched by the decision.

It is certainly permissible for a complainant to aver in his bill, that either one or the other of two alternative statements is true. Undoubtedly it is so when each of the statements entitles the party to the same relief.—*Shields v. Barrow*, 17 Howard, 130–144 ; Story's Eq. Pl. § 254 ; *Andrews v. McCoy*, 8 Ala. 920 ; *Thomason v. Smithson*, 7 Porter, 144 ; *Simmons v. Williams*, 27 Ala. 507 ; *Strange v. Watson*, 11 Ala. 324 ; *Cornegay v. Caraway*, 2 Dev. Eq. 405 ; *Lloyd v. Brewster*, 4 Paige, 537 ; *Colton v. Ross*, 2 Paige, 390. But the bill in this case does not contain such alternative statements. It asserts the invalidity of the mortgages on account of fraud, but does not contain a disjunctive averment of their validity. We do not decide that the rules of pleading would tolerate a bill with such conflicting alternative statements, entitling the party to reliefs diametrical in their character. We did not intend,

Rives, Battle & Co. v. Walthall's Ex'rs.

when this case was before in this court, (34 Ala. 95,) to approve such a mode of pleading. We intended merely to say, that the complainants claimed alternatively the two reliefs, and that the granting of such reliefs pertained to the jurisdiction of the chancery court. The second head-note of the reporter has carried us farther than we designed to commit ourselves at that time. It is not necessary for us now to commit ourselves, as to the extent to which variant statements of facts in the alternative may be allowed. It is sufficient here, that the bill pronounces the mortgages fraudulent, and in no way recognizes their validity. If, then, the court were to grant relief, predicated upon the validity of the mortgages, and making the satisfaction of the complainants' judgment posterior to the satisfaction of the mortgages, and dependent on it, it would be not only in the absence of appropriate allegations, but in actual contravention of the case made by the bill.

A test of the propriety of any particular relief, under the allegations of a bill, is to inquire whether, if the bill were confessed, the court, looking at the bill and the confession, could grant the relief.—*Charles v. Dubose*, 29 Ala. 367–372. Under that test, there could be no foreclosure of a mortgage, under a bill which merely declared it fraudulent. In the case of *McCosker v. Brady*, (1 Barb. Ch. R. 329,) a question precisely like the one before us arose. The complainant in that case alleged, that a will, under which the defendants claimed title to a part of the premises in controversy, was void, and prayed that it might be annulled, or, in case the will should be decreed to be valid, that the premises might be partitioned. The prayer for a partition was held inconsistent with the case made by the bill, and it was therefore denied.—See, also, *Lloyd v. Brewster*, *supra*.

3. The third position taken for the complainants is, that under their bill they may be regarded as creditors, having a return of *nulla bona* on their execution, and coming into chancery to obtain satisfaction of their judgment out of their debtor's assets. The bill alleges, that all the prop-

erty mentioned is covered by mortgage. If the mortgages are valid, the property was not subject to the complainants' judgment, and the complainants could have no other remedy against it than by a foreclosure. We have already decided that the mortgages are not fraudulent. If, then, the complainants' bill be a creditors' bill, it shows that the property against which it proceeds is covered by mortgage, which we must hold valid. Therefore, to subject the property under the bill to the payment, would be, according to the case made by the bill itself, to invade the rights of a mortgagee; in other words, to grant relief in violation of the allegations of the bill and proof. Let it be conceded, that it appears from the answer that the mortgagee did not claim the property under the mortgage, and the complainants' condition is not thereby improved, for a decree must be predicated upon the allegations of the bill.

Nor will it aid the complainants to concede farther to them, that the answers show a discharge of the mortgage since the commencement of the suit; for, if the complainants' bill be a creditors' bill, they can only subject property upon the idea of a liability subsisting when the suit was commenced. A decree can only be had, when the facts subsisting at the commencement of the suit make out a case for equitable cognizance, and those facts must be alleged in the bill.—*Land v. Cowan*, 19 Ala. 297.

It is contended, that the complainants, if not entitled to relief as creditors proceeding against specific property, may at least claim a decree as creditors proceeding upon the general allegation authorized by the act of January, 1844, as expounded in *Brown & Dimmock v. Bates*, 10 Ala. 432. But the same insuperable obstacle is in the way of sustaining this view. Under the allegations of the bill, all the debtor's property was, at the commencement of the suit, covered by mortgages, which we decide were valid.

4. It is strenuously insisted, that the complainants may, under their bill, have the hires and income from the slaves, now held by Borden and Jones, appropriated to their judg-

ment. It is needless for us to say anything upon the question, whether such hires and income might not be so appropriated under a proper bill against Borden and Jones. It is sufficient for this case, that such an appropriation cannot be had in this suit. The complainants' right to relief must be tested under the facts as they existed at the commencement of the suit and are alleged. A decree cannot be had, where the equity rests upon the facts of subsequent occurrence, or on facts not alleged in the bill.

The complainants are not entitled to the relief last above stated, in despite of the mortgages, because they are averred in the bill, and are shown to be valid. They are not entitled to the relief of a foreclosure of the mortgage, and an appropriation of the excess to the payment of their judgment, because they say the mortgages are fraudulent. They are not entitled to the relief upon the ground that the mortgage debts have been satisfied out of the hires and income, for, if that fact exists, it occurred after the commencement of the suit.

5. The chancellor had a discretionary authority to prescribe the terms of the amendment allowed at the June term, 1859, and there is therefore no cause for reversal in the terms prescribed.—Session Acts 1857–8, p. 230. The allowance of the amendments rejected by the chancellor would not have changed the result, nor would different rulings upon the points of evidence called to our attention. It is unnecessary, therefore, for us to notice those subjects in this opinion.

Affirmed.

STONE, J., not sitting.