## Moog v. Talcott.

*Creditors' Bill to set aside Fraudulent Conveyance, or have it declared General Assignment.*

1. *Filing bill in double aspect.*—A creditors' bill can not be filed in a double aspect, asking to set aside a conveyance as fraudulent, or, in the alternative, to have it declared and enforced as a general assignment under the statute (Code, § 2126), enuring to the equal benefit of all the creditors; and the principle applies equally to a general creditors' bill, and to a bill filed by one or more creditors for their own benefit. (Adhering to *Lehman v. Meyer,* 67 Ala. 396, which overruled *Crawford v. Kirksey,* 50 Ala. 590.)

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 17th January, 1882, by James Talcott, "in behalf of himself and all other creditors of the late firm of J. Frenkel & Co., who will become parties complainant hereto, and who will contribute to the costs of this cause," against the persons composing the late firm of J. Frenkel & Co., the partners composing the firm of A. & B. Moog, M. J. Goldsmith, and several other persons; and sought to set aside several conveyances executed by the said Frenkel & Co., individually and as partners, on the ground that they were executed and accepted with the intent to hinder, delay, and defraud their creditors; or, in the alternative, that the several conveyances be construed together, declared and enforced as a general assignment, enuring to the benefit of all the grantors' creditors equally. The defendants demurred to the bill, assigning specifically several grounds of demurrer, the substance of which was, that these alternative averments and prayers were inconsistent and repugnant. The chancellor overruled the demurrer, and his decree overruling it is now assigned as error.

J. L. & G. L. SMITH, and MACARTNEY & CLARKE, for appellants, cited *Gordon's Adm'r v. Ross,* 63 Ala. 366; *Lehman v. Meyer,* 67 Ala. 396; *Micou v. Ashurst,* 55 Ala. 612; *Rives*

[Moog v. Talcott.]

*v. Walthall*, 38 Ala. 332; *Ray's Adm'r v. Womble*, 56 Ala. 32; *Warehouse Co. v. Jones*, 62 Ala. 550.

HANNIS TAYLOR, *contra.*—Admitting the general rule laid down in the cases cited for appellants, and the correctness of its application to bills filed by special creditors; yet this rule can not be applied to general creditors' bills. In each aspect of a general creditors' bill, the foundation for relief is the same—that is, the fraudulent acts of the parties; and the relief prayed is the same—namely, the condemnation of the property to the claims of all the creditors equally. It is a solecism to say that such a bill seeks, in one aspect, to uphold a contract or conveyance, and to annul it in the other. In each aspect, the attempt is to annul the contract made by the parties, and, in its stead, to enforce rights which arise by operation of law. A conveyance which will be enforced as a general assignment, and a conveyance which will be set aside for fraud, are alike fraudulent conveyances, which the statute annuls, in whole or in part, and sets up in their stead rights which the parties attempted to destroy. The ingenious devices of insolvent debtors are manifold, and the facts may be so obscured, as in this case, that a general creditors' bill in a double aspect is the only remedy that can be successfully invoked; and when the assets of the debtor, attempted to be put beyond the reach of his creditors, are thus reached, and condemned to the satisfaction of all his debts equally, no legal principle is violated, and no rule of pleading is infringed.

SOMERVILLE, J.—In *Lehman v. Meyer*, 67 Ala. 396, we held a creditors' bill demurrable, as being repugnant and inconsistent, which was framed in the double aspect of having a conveyance, executed by a debtor, declared, in the one alternative, *fraudulent and void*, because made to hinder, delay or defraud the creditors of the grantor; and, in the other alternative, seeking to sustain the same conveyance as a *general assignment*, enuring equally to the benefit of all of his creditors. This decision expressly overruled the case of *Crawford v. Kirksey*, 50 Ala. 590, in which the opposite conclusion had been reached.

The principle was recognized, as often before declared by this court, that a bill in equity may generally be framed in a double aspect, and will be sustained, in all cases, where each alternative averment would be the foundation for precisely the same relief, and the same defenses are applicable to each. *Gordon's Adm'r v. Ross*, 63 Ala. 363; *Micou v. Ashurst*, 55 Ala. 607; *Rives v. Walthall*, 38 Ala. 329; *City of Eufaula v. McNab*, 67 Ala. 588. But the court further held, that the

two separate reliefs prayed for, in the dual aspects of the bill, were clearly repugnant and inconsistent; the complainants seeking, in the one alternative, *to destroy the validity* of the conveyance, by having it adjudged an absolute nullity; and, in the other, *to sustain it as valid and legal,* under the provisions of the statute upholding it as a general assignment. The effect, in the one case, is to claim *against* the conveyance, and, in the other, to claim *under* it.—Code, 1876, § 2124; *Rapier v. Gulf City Paper Co.,* 64 Ala. 342; Code, § 2126. We are of opinion that this conclusion is in entire harmony with the previous adjudications of this court, and that the case of *Crawford v. Kirksey, supra,* was properly overruled.

It is urged, however, in argument, that this being a *general creditors' bill,* the relief prayed is the same in both alternatives—the condemnation of the debtor's property to the satisfaction of his debts. This is the same argument adopted in support of the conclusion reached in *Crawford v. Kirksey, supra,* the reasoning of which was condemned as unsound in *Lehman v. Meyer,* 67 Ala. 396, cited *supra.* The suggestion is based upon a misapprehension of the legal principle involved. There is one sense in which the relief prayed for, in every possible aspect of a bill, is remotely the same—*the collection of the complainant's demand out of the defendant's property.* But the rule under consideration contemplates rather the *immediate legal relief* prayed for, which is the foundation and source of this remote relief. One may, for example, reach the same result by assailing a decree against himself, seeking to *set it aside on the ground of fraud,* and by *reviewing it for error apparent;* yet it has been held that the two aspects united in the same bill would be repugnant and inconsistent.—*Gordon's Adm'r v. Ross,* 63 Ala. 363. So, for a like reason, a bill has been held demurrable, which seeks, in one aspect, to *have a mortgage cancelled,* because executed to secure a debt founded on an alleged illegal consideration, and, in the other, to *establish the mortgage* and redeem the mortgaged premises.—*Micou v. Ashurst,* 55 Ala. 607. A like repugnancy was declared to exist in a prayer for the *enforcement of a vendor's lien* as a valid obligation, and a proposed amendment to the bill praying for a *rescission and cancellation* of the contract of sale as being *void* for *ultra vires. City of Eufaula v. McNab,* 67 Ala. 589. The same principle was recognized in another case, where it was adjudged that the complainant could not seek to have a *will* declared *void* on the one hand; or, else, on the other, *valid,* and to have the lands devised by the will partitioned by decree of the court among those entitled.—*McCooker v. Brady,* 1 Barb. Ch. 329. These several adjudications are strong illustrations of the principle under discussion, and are closely analogous to the case in hand.

[Moog v. Talcott.]

In the present case, not only are the alternative averments of the bill conflicting, and the disjunctive reliefs diametrically repugnant, but there is a manifest repugnancy even in *the results* of these reliefs. If the conveyance assailed is decreed a *general assignment*, thus being sustained in its legal validity, *all the creditors* of the grantor, whether parties to the bill or not, would be entitled to participate, *pro rata*, in the fruits of the litigation. It would, under the statute, "enure to the benefit of *all* of the creditors of the grantor *equally*."—Code of 1876, § 2126. If, on the other hand, the conveyance is declared absolutely *void* for fraud, the *grantee would get no portion of his claim* secured by it, unless there was a remaining surplus, but would forfeit his rights under the instrument because of his participation in the covinous transactions.—Bump on Fraud. Conv. 467, 470. So, too, in the latter case, *those creditors are preferred* who, through their superior diligence, may have obtained a prior lien by filing the first bill. If, in other words, the conveyance be void for fraud, those creditors of the debtor, who file separate bills, obtain a preference regulated by the order of time in which they commenced their suits—he being adjudged to be first in right who was first in time.—*Evans v. Welch*, 63 Ala. 250; *Hone v. Henriquez*, 13 Wend. 240; Bump on Fraud. Conv. 535; 1 Brick. Dig. 655, §§ 217, 222.

The test, in all such cases, is said to be, if a decree *pro confesso* should be taken, could the court, looking merely at the statements of the bill and the confession, grant any certain relief to the complainant.—*Rives v. Walthall*, 38 Ala. 333; *Charles v. Dubose*, 29 Ala. 367. In such event, would it not be "mere matter of speculation and conjecture with the court, as to which of the titles should [in this case] be made the foundation for relief?"—*Lehman v. Meyer*, 67 Ala. 404. No chancellor could reasonably be compelled, in cases of this nature, to search the records of his own, and perhaps of other courts, in order to determine this question of relative priorities and of conflicting liens. The rules of certainty, governing our system of equity pleadings, require that these difficulties should be solved by a mere inspection of the face of the bill; just as we would determine the sufficiency of a demurrer, or of a motion to dismiss for want of equity. So far as concerns the rule under discussion, therefore, we can discern no sound distinction in its proper application to general creditors' bills, and such as are filed in the interest of particular creditors.

The court, in our opinion, erred in overruling the demurrer to the bill; and the decree of the chancellor is reversed, and the cause remanded.