# Russell v. Jones.

*Action on Promissory Notes.*

1. *Error without injury; rulings on pleadings.*—The sustaining of a demurrer to a special plea, even if erroneous, is not ground for reversal, when the record shows that the defendant had the full benefit of the same defenses under other pleas.

2. *Foreign corporations; executed contract.*—Where a contract has been executed, there can be no relief granted because the transaction originated with a foreign corporation, which had not complied with the statutory requirements, prescribing the conditions on which it might transact business in this State.

3. *Notes given for life insurance premiums; invalid defense.*—In an action on notes, given by the defendant to the plaintiff, who was the agent of a foreign insurance company, for money he had advanced for the defendant, for the payment of his premiums to said insurance company, it is no defense that said company had not complied with the statutory provisions, relative to the doing of business in this State by foreign corporations.

APPEAL from the City Court of Birmingham.

Tried before the HON W. W. WILKERSON.

This was an action brought by the appellee against the appellant, and counted upon two promissory notes given by the defendant to the plaintiff. The case was tried by the court without the intervention of a jury, and judgment was rendered for the plaintiff.

The defendant appeals, and assigns as error the several rulings of the trial court.

McGUIRE & COLLIER, for appellant.—The plaintiff can not maintain the present action, because the insurance company which issued the policies to the defendant had not complied with the statutory requirements, providing for the doing of business in this State by foreign corporations.—Code, § § 1209 et seq.; *Farrior v. New Eng. Mortg. Sec. Co.*, 88 Ala. 275, 7 So. Rep. 200.

No counsel marked as appearing for the appellee.

HARALSON, J.—Errors are assigned for the alleged reason, that the court sustained demurrers to special pleas 7–10; but the 10th is the only one appearing to have been demurred to, and the court seems to have made no ruling on that one. Errors are also assigned for the sustaining of demurrers to other pleas, but we decline to pass on these rulings, for the reason, that there is uncertainty in the record as to what was done, and besides, it can be of no injury to the defendant, since the case was tried on the general issue, and on the issue intended to be presented by his special pleas. It would seem that issue was taken on pleas from 7 to 10, inclusive, which presented the same defense, more fully than the other special pleas did, and whatever may have been the rulings of the court of these others, the defendant has no ground of complaint.—*Pelican Ins. Co. v. Smith*, 92 Ala. 428, 9 So. Rep. 327.

[Russell v. Jones,]

The notes sued on were given by the defendant below, Russell, to the plaintiff, Jones, and grew out of a transaction of the insurance of the life of defendant by the Mutual Life Insurance Company of Kentucky, a foreign corporation, of which the plaintiff was, at the time, an agent. The defense relied on was, that said insurance company, before beginning business in this State, and previous to the execution of the notes sued on, had failed to comply with the requirements of section 1209 of the Code, prescribing conditions on which foreign corporations may transact business in this State.

The proof shows that the company was a Kentucky corporation; that defendant took out a policy of insurance on his life in the company, paid part of the premium in cash and gave his notes for the balance. If this were all, and the contract were executory, and it were shown the company had failed to comply with the requirements of the section of the Code above referred to, there could be no question, but that, under our adjudications, there could be no recovery on the notes. The plaintiff, however, testified to a state of facts which, if true, takes these notes out from the influence of those decisions and places them under the influence af others, which hold that, where the contract has been executed, there can be no relief granted, because the transaction originated with a foreign company, which had not complied with our laws.—*Long v. Ga. Pac. R. R. Co.*, 91 Ala. 519, 8 So. Rep. 706; *Craddock v. Am. Freehold Land Mortg. Co. of London*, 88 Ala. 282, 7 So. Rep. 196.

The defendant testified, that these notes were given in extension of his notes previously given for premiums due by him to said company, and that he did not know he was dealing with the plaintiff except as agent of the company. The plaintiff testified, in substance, that he had no interest whatever in the life insurance policy referred to, or in any premiums thereon; that the company had sent out the renewal receipts to be delivered to the defendant on payment by him of his premium notes; that defendant stated he was pressed for money and could not pay the amount due on his insurance policy; that plaintiff proffered to advance the money for defendant, to enable him to pay his premiums, and take his notes, if he was sure he could pay when the notes fell due, which defendant said he could do; that plaintiff

made inquiry and was satisfied with defendant's financial standing, and, accordingly, he advanced the money to the company for defendant and took his notes, surrendered to him his renewal receipts, and forwarded to the company the amount due from defendant; that the notes taken were not for the benefit of the company, and it had no knowledge of or interest in them, but that the transaction was entirely and exclusively a personal one between the plaintiff and the defendant; that plaintiff discounted said notes at bank, and when they matured defendant claimed to be unable to pay them, and asked an extension of time, whereupon plaintiff, as endorser, paid the bank, the notes were re-transferred to him, and further indulgence was allowed to defendant; that the sole consideration of the notes was the money so advanced by plaintiff individually to defendant, and he had no control over or interest in defendant's policy of insurance.

The defendant denied that this conversation occurred, as to plaintiff's advancing the money for him; but he admitted that in the conversation, about which plaintiff had testified, he agreed to extend the time on the premium, and the notes were accordingly extended. The notes show on their face, that they were payable to the plaintiff individually, and not to the insurance company. The defendant introduced evidence tending to show that the insurance company had not complied with the requirements of the statute.

The trial was had by and before the presiding judge, a jury having been waived as provided by statute in such cases, and a judgment rendered in favor of the plaintiff against the defendant. We fail to see that the trial court committed any error in the judgment it rendered, and it is accordingly affirmed.