(75 South. 900)

WILSON et al. v. MULLINS. (5 Div. 634.)

(Supreme Court of Alabama. May 17, 1917. Rehearing Denied June 21, 1917.)

1. FRAUD ☞50—PRESUMPTION.

Fraud cannot be presumed, but must be proved.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 46, 47.]

2. DEEDS ☞211(3)—FRAUD—EVIDENCE—SUFFICIENCY.

In an action to cancel a deed on the ground of fraud, evidence held not to show fraud outside of inadequacy of purchase price.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 644, 645.]

3. DEEDS. ☞70(5)—FRAUD—INADEQUACY OF PRICE.

Where the only evidence of fraud in the procurement of a deed is to be found in the inadequacy of the price paid, such inadequacy to show fraud must be so great as to shock the conscience, especially where the grantor attacks his own conveyance as procured by fraud.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 173.]

Appeal from Chancery Court, Chilton County; W. W. Whiteside, Chancellor.

Suit to set aside a deed by Ed Wilson and others against W. I. Mullins. Judgment for defendant, and plaintiffs appeal. Affirmed.

Smith & Gerald, F. B. Collier, and J. B. Atkinson, all of Clanton, for appellants. Middleton & Reynolds, of Clanton, for appellee.

SAYRE, J. [1-3] The most plausible theory on which appellants, complainants in the court below, seek to sustain their bill is that appellee took advantage of the ignorance, old age, weakness of mind, pecuniary necessities, and general incapacity of their ancestor, now deceased, and thereby acquired a deed of his property at a grossly inadequate price. To the proposition that the deed ought to be vacated and annulled they cite cases which, while they illustrate the beneficent powers of the court of chancery in protecting the weak and ignorant from imposition by the strong and intelligent, must needs be followed with a high degree of caution or else they lead the court into a general supervision and correction of contracts into which parties sui juris have intelligently and freely entered. Abercrombie v. Carpenter, 150 Ala. 294, 43 South. 746; Yarbrough v. Harris, 168 Ala. 332, 52 South. 916, Ann. Cas. 1912A, 702; Kirby v. Arnold, 191 Ala. 263, 68 South. 17. It is not deemed necessary or profitable that all the evidence should be colligated and explained. Fraud cannot be presumed; it must be proved. That appellee took advantage of the difficulties by which the grantor in the deed in question, the ancestor of appellants, was encompassed, to drive a hard bargain, cannot be denied. However, there is nothing like the extreme disparity between the value of the land and the price given for it that appeared in Yarbrough v. Harris. Nor was appellee a party in any sense to the troubles from which the grantor was seeking relief. Grantor had traded in a small way with appellee, but another, not appellee, was pressing to foreclosure a mortgage on one half—it is not unreasonable to presume in the circumstances, the most valuable half—of grantor's farm and on his live stock. There was no such peculiar relation between grantor and appellee, as in Abercrombie v. Carpenter, that the latter (Mullins) owed the former (Wilson) any legal duty except to deal honestly and fairly with him while getting what profit he could from the transaction. Nor does it appear that appellee sought to bring on the transaction as in Kirby v. Arnold. If the testimony is to be believed—and on this point we can find no sufficient reason for withholding credit—grantor sought appellee with a proposal in some way to dispose of his land. Grantor was old,

ignorant, and infirm, no doubt, but shrewd at the same time, and the evidence adduced by appellants tends to show that he appreciated the difference between a deed and a mortgage, while the testimony of the only persons present when the transaction was consummated admits only one conclusion, viz. that the nature of the instrument was fully explained to him, and that, with this information, he freely executed the conveyance. The bill in this case was filed seven years after the execution of the conveyance in question, long after the grantor had, according to appellants, denounced the transaction. In the meantime the grantor and the attorney who managed the transaction for the parties had died. This, apart from some highly improbable testimony on the part of appellants, left the disparity between the value of he land and the price paid for it the only tangible and well-authenticated fact upon which to found a decree for appellants. Where the only evidence of fraud is to be found in the inadequacy of the price paid, the common doctrine of the books is that the inadequacy must be so great as to shock the conscience, and there are peculiarly strong reasons why this rule should be applied to cases in which the grantor attacks his own conveyance as procured by fraud. The court feels that appellee got a great bargain, but there is the testimony of many witnesses going to show that the disparity between the value and the price of the property was not so great that a conscience of average tenderness might not be content to take advantage of it. The court is unwilling, therefore, to say that the transaction should be set aside for fraud.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ, concur.