(115 So. 19)

**BLACK v. CAMPBELL.   (4 Div. 339.)**

Supreme Court of Alabama.   Nov. 3, 1927.

Rehearing Denied Jan. 12, 1928.

**1. Appeal and error ⬅️1009(1)—Conclusion of trial court sitting in equity, based on testimony given in open court, is conclusive, unless plainly erroneous.**

Where conclusion of trial court sitting in equity is predicated on testimony given by witnesses in open court, the conclusion will not be disturbed on appeal, unless it is plainly and palpably erroneous.

**2. Deeds ⬅️211(3)—Finding that conveyance sought to be canceled was not obtained by fraud held sustained by evidence.**

In suit to cancel deed to land, evidence *held* to sustain finding of trial court sitting in equity that deed was not obtained by fraud.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Deeds** ⊂⊃196(3)—**Physician taking conveyance from patient held not to sustain technical relation, raising presumption of trust and confidence in suit to cancel conveyance for undue influence.**

Physician of much learning and business experience, who took deed to land from illiterate patient without business experience, in which her husband joined, *held* not to sustain technical relation towards patient from which the law would raise a presumption of trust and confidence, in a suit to cancel the deed brought on the ground of undue influence.

**4. Deeds** ⊂⊃196(3)—**Grantor seeking to cancel conveyance had burden of showing that relation of trust and confidence existed between parties.**

Burden was on grantor seeking to cancel deed to land to show that there was a relation of trust and confidence between her and the grantee.

**5. Deeds** ⊂⊃211(4)—**Finding of trial court sitting in equity that conveyance sought to be canceled was not procured by undue influence held sustained by evidence.**

In suit to cancel deed to land, evidence *held* to sustain finding of trial court sitting in equity that deed was not procured by respondent by exercise of undue influence over complainant.

**6. Deeds** ⊂⊃196(2)—**Conveyance should be canceled, if consideration is so inadequate as to raise presumption of fraud, and presumption abides when all circumstances are viewed in its light.**

Deed to land should be canceled by court, if the consideration paid is so grossly inadequate when compared to the value of property as to raise a presumption of fraud, and if the presumption abides when all of the circumstances of the transaction and the situation and condition of the parties at the time are viewed in its light.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Bill by Bama Lee Black against D. J. Campbell to cancel a deed to lands. From a decree dismissing the bill, complainant appeals. Affirmed.

Emmet S. Thigpen, of Andalusia, and Ira B. Thompson, of Luverne, for appellant.

The question of undue influence depends upon the circumstances of each particular case; it is a species of constructive fraud, and much latitude is allowed in the testimony. Barkley v. Boyd, 211 Ala. 50, 99 So. 196; Letohatchie v. Bullock, 133 Ala. 552, 32 So. 58; Daggett v. Boomer, 210 Ala. 673, 99 So. 181; Grubbs v. Hawkins, 208 Ala. 349, 94 So. 484; Livingston v. Bothwell, 202 Ala. 380, 80 So. 462. The price paid was grossly inadequate. Wilson v. Mullins, 200 Ala. 152, 75 So. 900; Yarbrough v. Harris, 168 Ala. 332, 52 So. 916, Ann. Cas. 1912A, 702; Abercrombie v. Carpenter, 150 Ala. 294, 43 So. 746; Kirby v. Arnold, 191 Ala. 263, 68 So. 17; Thornton

v. Pinckard, 157 Ala. 206, 47 So. 289; Walling v. Thomas, 133 Ala. 428, 31 So. 982.

Baldwin & Murphy, of Andalusia, for appellee.

A conveyance will not be set aside for inadequacy of consideration alone, unless the inadequacy is so great as to furnish evidence of fraud. Smith v. Collins, 41 So. 825;[1] Stephenson v. Atlas Coal Co., 147 Ala. 432, 41 So. 301; Wood v. Craft, 85 Ala. 260, 4 So. 649. A court of equity will not interfere with the valuation placed by the parties on the subject-matter, where they had opportunity and ability to exercise their independent judgment as to its value. 9 C. J. 1175. The decree of the chancellor, upon testimony taken orally, will not be disturbed, unless plainly erroneous. McClurkin v. McClurkin, 206 Ala. 511, 90 So. 917.

BROWN, J. The lands in controversy, consisting of 110 acres situated in Covington county, Ala., were devised by the will of R. H. McDaniel, who died on August 5, 1921, to the complainant. It appears that McDaniel owned the lands at and prior to his death, and that his will was duly admitted to probate.

On November 15, 1924, complainant and her husband, for a recited consideration of "five hundred ($500.00) dollars" to them "in hand paid" by the respondent, by deed duly executed and delivered, "remised, released, quitclaimed, and conveyed" to the respondent all of their "rights, title, interest, and claim in or to" said lands.

The complainant filed this bill, on the 13th day of June, 1925, seeking to annul said deed on the ground that its execution was procured by the respondent through fraud, actual or constructive. The case was submitted to the trial court for final decree on the pleadings and proof, most of which was taken ore tenus, and, after due consideration, the bill was dismissed, and from the decree dismissing the bill this appeal is prosecuted.

[1, 2] One phase of fraud asserted by the bill is that the respondent fraudulently represented to the complainant that she did not have a good title to the land; that some of McDaniel's relatives had threatened to contest the will—to use the language of the bill, "to tear that will up"—and that, if the complainant and her husband would make a quitclaim deed to him, he could make them a deed in three weeks "that could not be torn up"; that he would deposit with them $500, and they could pay the money back together with any expense incurred by him when he executed the deed back to her.

The only evidence offered to sustain this phase of the bill was the testimony of complainant. This is not only denied by the respondent and Childre, the justice of the peace who prepared the deed, but respondent of-

fered the testimony of other witnesses going to show that complainant, before the deed was executed to the respondent, had offered to sell to another; and, after the execution of the deed, she had stated that she had sold the property; that "she had her money, and was out of the mess, and she wouldn't be back in it for anything that was there." These witnesses all testified in open court, and under the rule of our decisions the conclusion of the trial court predicated on testimony so given will not be disturbed, unless it is plainly and palpably erroneous, and in this case we are of opinion that, so far as this phase of the case is concerned, it should not be disturbed. McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917.

[3-5] Another contention made by the appellant is that the execution of the deed was procured by undue influence exercised by the respondent over the complainant, and this is based on the evidence—stating it most favorably to complainant—going to show that the complainant is illiterate and without business experience; that the respondent is a physician, a man of much learning and business experience; that he was complainant's family physician, and attended her on the occasion of the birth of her four children; that he was also the family physician of the McDaniels, in whose home complainant lived before the death of McDaniel; and that he was a frequent visitor, in his professional capacity, in that home, and often came in contact with the complainant, and discussed with complainant her business affairs. On the other hand, it appears without dispute that complainant's husband participated with her in the transaction and in the execution of the deed, joining therein as required by the statute, and as to his capacity, business experience, and intellectual attainments the evidence is silent.

In these circumstances there is an absence of any of these technical relations from which the relation of trust and confidence is presumed by law to arise, and, if such relation existed, it was one of fact, and the burden of proving it rested upon the complainant, who asserted its existence. Nelson v. Brown (Brown v. Nelson) 164 Ala. 397, 51 So. 360. The questions presented on this phase of the case, like the others which we have disposed of, are presented on testimony given orally in the presence of the court, and rested entirely on inference to be drawn from such evidence, and we do not feel justified in disturbing the decree of the lower court on this ground.

[6] The next and last contention of appellant is that, viewing the case in the light of respondent's testimony alone, he has obtained from the complainant property which he concedes to be worth $2,200, for a consideration of $500 and the price paid is so grossly inadequate to the real value of the property that a court of equity should intervene and annul the conveyance.

In some of our cases which are in accord with the weight of authority at least, it is said that inadequacy of consideration is not within itself a sufficient ground to avoid a conveyance. Judge v. Wilkins, 19 Ala. 771; Stephenson v. Atlas Coal Co., 147 Ala. 432, 41 So. 301.

And again:

"Though mere inadequacy of consideration, ordinarily, is not sufficient to annul and set aside a contract, when the parties are in a situation to exercise independent judgment in determining its value, and to act knowingly and intentionally; and though it furnishes no ground for the interference of equity, which in such case leaves the parties to the consequences of their own improvidence; yet the inadequacy may be so gross as to furnish 'the most vehement presumption of fraud,'"

—and, after quoting from 2 Pom. Eq. Jur. § 927, the following:

"The doctrine is settled by a consensus of decisions and dicta, that, even in the absence of all other circumstances, when the inadequacy of price is so gross that it shocks the conscience, and furnishes satisfactory and decisive evidence of fraud, it will be sufficient ground for canceling a conveyance or contract, whether executed or executory,"

—the opinion goes on to say:

"In such case, the inadequacy of consideration is not the ground of interposition, but the fraud which follows as a conclusion from the degree of grossness, whereby the conviction arises and abides, though there be no direct evidence that the contract was obtained by imposition or by some improper means." Cleere v. Cleere, 82 Ala. 581, 3 So. 107, 60 Am. Rep. 750; Saltonstall v. Gordon, 33 Ala. 149.

In another case dealing with this line of authorities, "while they illustrate the beneficent powers of the court of chancery in protecting the weak and ignorant from imposition by the strong and intelligent, must needs be followed with a high degree of caution or else they lead the court into a general supervision and correction of contracts into which parties sui juris have intelligently and freely entered." Wilson et al. v. Mullins, 200 Ala. 152, 75 So. 900.

When it comes to a practical application of the rule of these decisions, it simply means that, when the consideration paid is so grossly inadequate to the value of the property as to raise a presumption of fraud, and when all of the circumstances of the transaction, the situation and condition of the parties at the time, are viewed in the light of this presumption, it still abides, a case is presented for equitable interference, and the conveyance or contract should be canceled. Yarbrough v. Harris, 168 Ala. 332, 52 So. 916, Ann. Cas. 1912A, 702; Kirby v. Arnold, 191 Ala. 263, 68 So. 17; Abercrombie v. Carpenter, 150 Ala. 294, 43 So. 746; Chance v. Chapman, 195 Ala. 513, 70 So. 676.

In the case at bar the complainant had lived with the McDaniels on the property for elev-

en years or more. She had full opportunity to know its value and the character of title held by her donor. She knew that it had been devised to her by the will of R. H. McDaniel, and that the will had been duly probated. She was at the time under no financial stress necessitating a disposal of her title, and there is an absence of fiduciary relations between the parties. She was aided in the transaction by her husband, and he joined in the execution of the deed conveying the property to the respondent, and the trial court was justified in finding that the execution of the deed was not superinduced by fraud or undue influence.

It is probable that complainant doubted the validity of her claim, and not only desired to escape the burden of possible litigation, but to remove herself from the scenes of her years of hardship, resulting from attending the wants of her sick relatives, the donor and his invalid wife. Yet, so far as the evidence shows, these doubts and desires were in no way stimulated by the respondent.

We have considered the case from every angle, taking the evidence in its light most favorable to the appellant, and we find no substantial ground that would justify us in disturbing the decree dismissing her bill.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.