(134 So. 851)

**CASEY et al. v. SACKS et al.**

4 Div. 427.

Supreme Court of Alabama.
May 28, 1931.

P. B. Traweek, of Elba, for appellants.

Wilkerson & Brannen, of Troy, for appellees.

**BROWN, J.**

The bill in this case is filed by the minor heirs of James D. Casey, deceased, suing by their next friend, C. S. Williamson, to "set aside and annul, on account of the fraud, collusion and undue influence brought to bear by H. Sacks on Mrs. Jeffie S. Casey in the procurement thereof" the decrees of the circuit court of Coffee county, Ala., the same court in which this bill was filed, ordering the sale of the real estate belonging to the estate of said James D. Casey, deceased, for reinvestment of $2,000 of the proceeds thereof in a homestead for the benefit of the widow and minor children, and for division of the balance of the proceeds among the heirs, the complainants in this case, and the decree confirming the sale and directing the execution of a deed to the purchaser by the register.

Jeffie S. Casey, the widow of said James D. Casey, who filed the bill seeking the sale and reinvestment and division, H. Sacks, the purchaser at the sale, and his two minor children, who obtained title to the property by inheritance from their deceased mother, to whom Sacks conveyed soon after he obtained the register's deed, are made parties defendant.

The fraud alleged, in substance, is that the farm upon which said James Dan Casey resided at the time of his death, constituting his homestead, consisted of 166 acres, of the value of at least $4,000, which was well known to said H. Sacks; that Mrs. Casey, the widow, was a woman of no business ability or experience, and had but little education, was imprudent, and expended the funds that came into her hands at the death of her husband recklessly; that soon after his death she moved to Troy and came under the influence and dominion of the respondent H. Sacks, a man of business experience and ability, who induced her to employ an attorney, one Baker, to file the bill to sell the farm, and colluded with her to bring about the sale through a decree of the court; that before the proceedings were begun, they (Mrs. Casey and Sacks) had a secret understanding that she would accept in exchange for the farm a house and lot worth from five to six hundred dollars, at an agreed price of $2,000; that a guardian ad litem, through collusion with the solicitor of the complainant in that case, was appointed to represent the minor defendants in that case, without service of process, although one of said minor defendants, J. D. Casey, Jr., was then fifteen years of age; that the guardian ad litem acted in collusion with the solicitor of the complainant in said case, filing a mere formal answer and made a mere perfunctory defense, took no testimony and did not cross-examine the witnesses of the complainant; that by prearrangement with the said Sacks, the widow, acting as his dummy, bid in the property at the sale for $3,000: that said Sacks misrepresented to the said widow and the register who was authorized to purchase a homestead for the widow and minor children, as to the size of the lot taken in part payment of the purchase money, as being a lot fronting 200 feet on an improved street, when in fact it fronted only 125 feet on a back street, unimproved, and within a week after said Sacks obtained the register's deed to the farm property, he made a voluntary conveyance to his wife; "that all of said proceedings were instigated and carried out under the influence and dominion of H. Sacks over the said Mrs. Jeffie S. Casey, and by reason of his collusion, persuasion and undue influence over her, and with intent to obtain said farm for him for a grossly inadequate price, * * * and in carrying out the scheme to defraud and with the intention of accomplishing the same, he intentionally deceived the said Mrs. Casey and the Register of the Court," who was authorized by the decree to invest two thousand dollars of the proceeds, having due regard for the wishes of the widow, "and thereby deceived the Court itself by his false representations and pretenses of the value and the true boundaries of the property in Troy, which he was planning to exchange and convey to the widow and young children of Dan Casey in exchange for said farm for a grossly inadequate consideration."

Counsel for the complainants, in preparing his bill and presenting his case here, seems to confuse the principles and rules of law applicable to a bill of review for errors apparent, with those applicable to a bill in the nature of a bill of review seeking to vacate and annul a decree for fraud in its procurement.

In Gordon's Adm'r v. Ross and Wife, 63 Ala. 365, the distinction was stated thus: "The objects and effect of a bill of review, and of a bill impeaching a decree for fraud, are essentially different." And it was said of the bill in that case, which presented the case in both aspects: "If entertained as a bill of review, the former decree, so far as erroneous, would be reversed, and the court would proceed to retry the cause, rendering the decree the evidence would authorize. But, if fraud has infected the decree, it must be vacated entirely—there is no retrial of the cause. The incongruity of the two aspects, in which the complainant thus presents his case, is apparent, when it is subjected to the test suggested in Rives v. Walthall's Ex'rs, supra [38 Ala. 329]—a decree pro confesso against the defendants. What relief would then be granted? Would the former decree be reviewed for error apparent, or would it be vacated for fraud? If the court adopted either aspect, it would proceed, more or less, on conjecture, and could not be sure that it was administering the relief to which the complainant was entitled. The bill unites different distinct causes of action, requiring different defenses and different relief, and cannot be entertained." Sims, Ch. Pr. chap. 33, pp. 414–420; McCall v. McCurdy, 69 Ala. 65; Snead v. Lee, 218 Ala. 44, 117 So. 469.

█ The bill here, while it has some of the characteristics of a bill of review—in so far as it questions the regularity of the proceedings of the former suit in proceeding against the minors, by the appointment of a guardian ad litem without the service of process, McCall v. McCurdy, supra,—has more of the characteristics of a bill in the nature of a bill of review, and it will be so treated here. Such irregularity, as the appointment of a guardian ad litem without service, in the absence of fraud, on a bill of that character, though it might constitute reversible error on appeal, will not suffice to set aside and vacate a decree otherwise regular; this for the reason that "the Court of Chancery is the guardian of all infants within its jurisdiction, or who are parties to judicial proceedings conducted before it," and mere irregularity of form is insufficient to impeach its decree. McCall v. McCurdy, supra; Hamilton et al. v. Tolley, 209 Ala. 533, 96 So. 584; Fowler v. Fowler et al., 219 Ala. 453, 122 So. 440.

█ The contention of appellants that the circuit court, sitting in equity, was without jurisdiction to entertain a bill by the widow to sell the real estate belonging to the estate of her deceased husband, for reinvestment of $2,000 of the proceeds in the purchase of a homestead for the use of herself and minor children, whether the property sought to be sold was occupied as a homestead or not, is fully answered by the provisions of section 7919 of the Code, and the court having assumed jurisdiction for such purpose, could distribute the proceeds, over and above the exemptions allowed, to those entitled to receive them. The removal of the widow and minor children from the premises occupied as a homestead, after the death of the husband and father, did not work an abandonment of the right. Johns v. Cannon, 199 Ala. 138, 74 So. 42.

In Clements v. Faulk & Co., 181 Ala. 219, 61 So. 264, a homestead consisting of 160 acres in area, less than $2,000, had been set apart to the widow and minor children, under the provisions of section 4196, Code of 1907 (section 7918 of the present Code), which fact differentiates that case from the case at bar.

The bills filed in the cases of Beck v. Karr, 209 Ala. 199, 95 So. 881; Street v. Watts et al., 202 Ala. 622, 81 So. 564, and Etheredge v. Etheredge, 219 Ala. 660, 123 So. 48, were not filed under the statute to sell for reinvestment, under section 7919 of the Code, and are inapt as authorities here.

█ The judgment here is that the complainants have failed to sustain the averments of fraud and undue influence as alleged in the bill. In the proceedings to sell the farm for reinvestment in a homestead, the complainant, Mrs. Jeffie S. Casey, was represented by counsel, and we must assume that she had the benefit of their advice. There is no evidence that the respondent Sacks had anything to do with their employment, or that he had or attempted to exercise any influence over the complainant or her attorneys in bringing about the sale of said property. The sale was made under the decree of the court, and was made at public outcry, after being advertised three times, and was reported to the court by the register, and before it was confirmed, as the decree recites, it was ascertained that the price paid was not greatly disproportionate to the value of the property.

In these circumstances the evidence taken in this proceeding tending to show inadequacy of the price received for the property is not sufficient to raise a presumption of fraud, and the rule recognized in Cleere v. Cleere, 82 Ala. 581, 3 So. 107, 60 Am. Rep. 750; Saltonstall & Wife v. Gordon, 33 Ala. 149; Yarbrough v. Harris, 168 Ala. 332, 52 So. 916, Ann. Cas. 1912A, 702; Wilson et al. v. Mullins, 200 Ala. 152, 75 So. 900; and Black v. Campbell, 217 Ala. 134, 115 So. 19, is not applicable.

■ While it must be conceded that the evidence shows that the disposition of the farm property by the mother was improvident, it was prompted by a desire on the part of the mother to afford her children educational advantages, and no doubt she was willing to make the sacrifice for their benefit. She is, no doubt, not the only mother that has made such sacrifice, and whether or not the result justified the means is not a matter to be inquired into here.

The record is free from error and must be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.