# Broughton v. Walker.

### Bill to Cancel Deed and Note.

(Decided July 6, 1916. 72 South. 529.)

**Cancellation of Instrument; Fraud and Undue Influence; Pleading.—** Where the bill alleged that complainant was an ignorant, weak-minded negro, without education and business experience, and easily influenced, and was induced by respondent, a shrewd white man, by false representation as to the value of his land, to deed it to respondent for respondent's non negotiable note, payable five years from date, for a fraction of the value of the land, it was not demurrable as stating a conclusion of the pleader as to fraud, duress or undue influence, or because not showing that complainant was mentally incompetent.

APPEAL from Anniston City Court.
Heard before Hon. THOMAS W. COLEMAN, JR.
Bill by Henry Walker against J. W. Broughton, to cancel deed and note and for general relief. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

[Broughton v. Walker.]

As originally framed the bill sought to show that the father of complainant owned certain lands, and died leaving them to complainant and his brother, and that he left a will by which he left certain parts of the land to complainant, and certain other lands to his brother Young. It is alleged that the will was probated. It is then alleged that on or about November, 1914, respondent Broughton induced orator to convey to Broughton said land above described; that Broughton did not pay orator any money whatever, but executed orator his note for $900, marked, "Nonnegotiable," and payable five years after date; that a few days prior to the date of the execution of the note and the deed above referred to orator had made a written contract with D. P. Haynes to convey said land to Haynes at and for the sum of $2,500 cash; and that orator was prevented from carrying out his said contract with Haynes on account of the influence exerted by Broughton, but orator avers that the land is worth at least $2,500, or even more.

The fifth paragraph, as last amended, is as follows:

Complainant further shows to the court that he is an ignorant, weak-minded negro; that he had no education, and had had no business experience whatever; that he is incapable of taking care of himself in an ordinary business transaction; that he is easily influenced and controlled; and that these facts were well known to respondent; and complainant further shows to the court that he had no knowledge whatever of the real value of these lands, and did not know the extent of his interest therein, but that these facts were well known to the respondent, who is a white man, educated, shrewd, and has a great deal of business experience, and knew the value of said land, and the extent of complainant's interest therein, and represented to complainant that said lands were worth much less than $1,800, the price which respondent agreed to give complainant in said trade; that said representation by respondent, who knew the real value of the land, was made by the respondent to induce the complainant to sell said lands to respondent, and complainant further avers that he relied upon respondent's superior judgment as to the value of said land, and that the representation of respondent to the complainant of the value of said land was false, and that respondent knew said representation was false, and that as a matter of fact, said land is now and was then worth more than $4,000, which was then known to respondent; and complainant further avers

[Sherrod v. The State.]

that in his ignorance of the value of said land, and of his interest therein he relied in good faith upon the representations made by respondent, in whom he reposed confidence, and executed said deed in reliance upon the respondent's representation as to the value of said land. Orator offers to do equity, etc.

JAMES F. MATTHEWS for appellant. WILLETT & WILLETT, and HUGH WALKER, for appellee.

THOMAS, J.—This appeal is taken from a decree of the city court overruling demurrers to a bill alleging the misrepresentation induced complainant to sell valuable lands for a sum greatly less than their real value.

We have carefully examined the demurrers to the bill as last amended, and are of the opinion that no error was committed in the overruling of the same. See Greil Bros. Co. v. McLain, infra, 72 South. 410; Cleere v. Cleere, 82 Ala. 581, 588, 3 South. 107, 60 Am. Rep. 750; Saltonstall v. Gordan, 33 Ala. 149; 2 Lead. Cas. in Eq. 1238.

The decree of the city court is affirmed.

Affirmed.

MCCLELLAN, SOMERVILLE, and GARDNER, JJ., concur.